568 P.2d 1080

The STATE of Arizona, Appellee,

v.

James RICE, Appellant.

No. 2 CA-CR 949.

Court of Appeals of Arizona, Division 2.

May 3, 1977.

Rehearing Denied June 29, 1977.

Review Denied Sept. 8, 1977.

Bruce E. Babbitt, Atty. Gen. by Russell Piccoli, Asst. Atty. Gen., Tucson, for appellee.

Stanfield, McCarville, Coxon, Cole & Fitzgibbons by A. Thomas Cole, Casa Grande, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant was tried in absentia before a jury and convicted of molesting Betty Doe, a child under the age of 15 years, in violation of A.R.S. § 13–653; molesting Jane Doe, also a child under the age of 15 years, in violation A.R.S. § 13–653; and raping Jane Doe in violation of A.R.S. § 13–611, as amended. He was sentenced in absentia to concurrent terms ranging from five to eighteen years in the Arizona State Prison.

At the preliminary hearing on the above charges, testimony revealed that appellant

had raped Jane on eight previous occasions. This led to a grand jury indictment in Pinal County Cause No. 6910. These charges were dismissed without prejudice upon his conviction in the instant case.

Appellant originally pled not guilty but subsequently, pursuant to a plea agreement, changed his plea to guilty of molesting Jane Doe, with the understanding that the remaining counts were to be dismissed. At the time of sentencing, however, when it became apparent that he was not going to be given probation, appellant asserted that the county attorney had violated the plea agreement by recommending imprisonment and his motion to withdraw his guilty plea was granted.

Briefly, appellant was the manager of the Copper Bell Motel, in Winkelman, Arizona. Mrs. Doe moved into the area with her children Betty, 12 years of age and Jane, nine years of age, in the summer of 1975 and rented a mobile home at the Copper Bell Motel. It is during this period that the molestations and rapes occurred.

Appellant contends that it was error to try and sentence him in absentia. At his arraignment on December 1, 1975, the trial was set for March 9, 1976. At that time he was released on his own recognizance and the court clearly and emphatically pointed out to him that if he failed to appear for trial he could be tried and convicted in absentia. After appellant withdrew his plea of guilty on May 24, 1976, the court set his trial for June 16, 1976. Two days later, on May 26th, appellant's counsel appeared and advised the court that he had filed an affidavit of bias and prejudice against the judge to whom the case had been assigned for trial. The matter was then re-set for July 15, 1976. Appellant failed to appear for his trial, failed to appear for his sentencing and as far as this court knows, has never returned to this jurisdiction.

Before the trial started, the trial court inquired of defense counsel the reason for appellant's absence. Counsel stated he did not know where appellant was and that he had last spoken with appellant on June 16th, the trial date that was set when the

plea was withdrawn. About a month before the trial, when it appeared that appellant and his wife had left the jurisdiction, appellant's attorney went to the court for the purpose of seeking a bench warrant but it was decided that it could not be issued because at that point appellant had not failed to appear for trial. On June 16, 1976, appellant's counsel talked with his client and his wife over the telephone. Appellant had contact with his attorney on occasions subsequent to May 24, 1976 and prior to June 16, 1976. However, when asked specifically by the trial court whether he remembered telling appellant of the new trial date, appellant's counsel was equivocal. At one point he stated that he "would suspect" that at one time or another he probably did tell him but then stated that he did not recall and could not avow to the court one way or another.

Rule 9.1, Rules of Criminal Procedure, provides:

"Except as otherwise provided in these rules, a defendant may waive his right to be present at any proceeding by voluntarily absenting himself from it. The court may infer that an absence is voluntary if the defendant had personal notice of the time of the proceeding, his right to be present at it, and a warning that the proceeding would go forward in his absence should he fail to appear."

The trial court, by proceeding with the trial, impliedly found that appellant's absence was voluntary. The foregoing rule places a burden upon the state to show that a defendant has waived his right to be present. The trial judge could well have believed that it was highly unlikely, if not incredible, that appellant's counsel did not inform him of the new trial date especially in view of the fact that he spoke with his client on June 16, 1976, the date set for trial at the May 24th hearing.

Since there was a prima facie showing of a voluntary waiver of the right to be present, the burden was on appellant to go forward with the evidence and show that his absence was, in fact, involuntary. He did not do so and the court did not err in

# 186

trying and sentencing him in absentia. Furthermore, it was the appellant's duty under the conditions of his release to maintain contact with the court and/or his attorney as to the trial date and any changes in that date.

■ The next issue presented by appellant arises out of his efforts to secure probation after the guilty plea which was subsequently withdrawn. Appellant circulated a petition among his friends in which the signers asked the court to be lenient with him. Certain friends were also asked to write letters of recommendation which the probation officer had requested. Before asking persons to sign the petition or write the letters appellant told them that he had, in fact, molested Jane Doe. He was advised to do this in order to "see what their reaction would be". The state called as a witness Mrs. Jeanette Smith who was listed by appellant as a witness he intended to call at trial. The state elicited from her the fact that in securing the letter, the nature of which was not disclosed to the jury, and perhaps in having her sign his petition, appellant admitted that he had molested Jane Doe. She also testified that the petition asked the trial court to be lenient and, in an unresponsive answer to a question posed by the prosecutor, testified that the petition stated that he had pled guilty. Defense counsel objected to this testimony and moved for a mistrial. His objection was overruled and the motion for mistrial was denied.

In the case of *State v. Wright*, 103 Ariz. 52, 436 P.2d 601 (1968), the court held it to be fundamental error to allow the state to introduce into evidence the fact that the defendant had entered a guilty plea when the court had allowed the defendant to withdraw that plea. Of course, fundamental error can be harmless in some cases if the reviewing court is satisfied beyond a reasonable doubt that the error did not contribute to the defendant's conviction. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Mrs. Smith not only testified that the petition stated he had pled guilty but that the petition sought

leniency. The prosecutor did not refer to the guilty plea in his argument to the jury. He did, however, tell the jury that the petition was important in their consideration of appellant's guilt and that they should keep it in mind during their deliberations. Such argument could only serve to draw the jurors' attention to the guilty plea. To compound the error, the jury was allowed in its deliberations to look at the petition even though it had not been admitted into evidence. Contrary to Mrs. Smith's testimony, the petition did not, in so many words, say that appellant had pled guilty, but the only deduction which could be drawn from its preamble was that it was to be used in connection with the guilty plea. The petition also indicated that appellant had sexual problems which involved child molestation and related events, but that a doctor was of the opinion that they would not reoccur.

■ Does the fact that appellant admitted molesting Jane Doe cause the error to be harmless? We think not. Such an admission is not conclusive but is merely a fact to be considered with all the other evidence in the case. The testimony of the victims was at times inconsistent with previous statements and testimony. There was also testimony of other witnesses from which a jury could have concluded that the events did not occur as stated by the victims. We are unable to say, beyond a reasonable doubt, that the errors did not contribute to the jury's verdict. The state would have us isolate the errors and hold that only the guilty verdict as to the molesting of Jane Doe should be reversed. We are unable to do so. The public is not unaware of the fact of plea bargaining and that some charges are dismissed in exchange for a plea of guilty to one charge. Furthermore, the exhibit which was not introduced into evidence could be construed as referring to all charges for which appellant was being tried.

■ Since this case must be reversed for a new trial, there are other issues which must be discussed because they may arise again. Appellant claims that the trial court

erred in allowing into evidence his admission that he had molested Jane Doe since it was in connection with a letter requested by the probation department. He points to Rule 26.6(d)(2), Rules of Criminal Procedure, which provides:

"Neither a pre-sentence report nor any statement made in connection with its preparation shall be admissible as evidence in any proceeding bearing on the issue of guilt."

We do not agree. The comment to the foregoing rule states:

"[The rule] insures that when a defendant is tried after a pre-sentence report has been prepared, the pre-sentence report and any statement made in connection with its preparation are admissible only on the question of the sentence to be imposed, in order to encourage the defendant to be completely candid with the probation officer preparing the report."

As disclosed by the comment, the rule only governs statements made to the probation officer. It does not apply to statements made by appellant to third persons such as Mrs. Smith.

 Even if we were not compelled to reverse, we would in any event have to set aside appellant's conviction of first-degree rape. There was no evidence of first-degree rape. A.R.S. § 13–611(A)(3) defines first-degree rape as being:

"Where the female is prevented from resisting by threats of immediate and great bodily harm, accompanied by apparent power of execution . . .."

The only evidence to which the state can point to support a conviction for first-degree rape is the following testimony:

"[Jane], did the defendant ever tell you what he would do if you told anybody about what he was doing to you?

A. Yes.

Q. What did he say?

A. He said he would hit me."

This does not show that the intercourse was accomplished by force or threat. In any event, there was no testimony as to when appellant made this threat. Jane testified that appellant had raped her fifteen or sixteen times. He was charged in the instant case with raping her on or about August 18, 1975. If this threat was made after that date, it could not support a conviction for forcible rape, which requires prevention of resistance by threats of immediate and great bodily harm. The most the evidence disclosed was a violation of A.R.S. § 13–611(B), rape in the second degree.

 A deputy sheriff was called as a defense witness and the court was asked for permission to ask him leading questions and to cross-examine him on the ground that he was a hostile witness since he was a member of a law enforcement agency. Appellant now complains that the court erred in not allowing him to do so. We do not agree. Generally, one may not cross-examine his own witness. The court, in the exercise of its sound discretion may permit one to cross-examine his own witness upon an adequate showing of surprise, or that the witness is hostile to the party calling him or unwilling to testify. *State v. Narten,* 99 Ariz. 116, 407 P.2d 81 (1965). There was no showing of hostility on the part of the witness and therefore the court was correct.

 The mother of the children was also called as a defense witness. The court refused to declare her a hostile witness and allow defense counsel to examine her by leading questions. In *State v. Michael,* 103 Ariz. 46, 436 P.2d 595 (1968), the court held that the father of the defendant was hostile. By analogy, Mrs. Doe, the mother of the victims, was also hostile and the trial court should have permitted appellant to cross-examine her. The theory of the defense was that the entire case against appellant was concocted by Mrs. Doe because appellant had jilted her. To this end defense counsel sought to question her concerning her relationship with appellant, in particular whether she had been sexually involved with him. The court refused to permit this line of questioning. This too was error. Mrs. Doe denied telling the girls what to say and testified that she and appellant were merely friends. As far as examination of this witness was concerned the situation was the same as if she had been called by the state. This questioning should have been permitted so as to develop

her motive or bias and any matter bearing on her credibility.

 On direct examination, Mrs. Doe stated that appellant did not rape her daughter Betty. In an attempt to impeach her, the defense brought out the fact that she had signed a complaint before the justice of the peace charging appellant with the rape of Betty as well as Jane. Appellant contends that it was error to allow her to testify that she brought the mistake to the justice of the peace's attention but that he told her to sign the complaint anyway and that it would be corrected later. Appellant claims that his was inadmissible hearsay. We do not agree. The testimony was not admitted to prove the truth of the words spoken, to wit, that a criminal complaint could be later corrected, but for the purpose of showing Mrs. Doe's state of mind when she signed the complaint. Under such circumstances the hearsay rule is inapplicable. Udall, Arizona Law of Evidence, § 173, p. 353.

Appellant has raised other issues which are not necessary for us to resolve. The case is reversed and remanded for a new trial.

HATHAWAY and RICHMOND, JJ., concur.