591 P.2d 1002

Sam F. LEONE and Ella Leone, husband and wife, Plaintiffs-Appellees,

v.

PRECISION PLUMBING AND HEATING OF SOUTHERN ARIZONA, INC., an Arizona Corporation, Defendant-Appellant.

No. 2 CA–CIV 3017.

Court of Appeals of Arizona, Division 2.

Jan. 22, 1979.

Rehearing Denied Feb. 28, 1979.

Review Denied March 13, 1979.

Monroe & Eisenstein, P. C., by David G. Eisenstein, Tucson, for plaintiffs-appellees.

Goldstein, Flynn & Mason, Ltd., by Philip T. Goldstein and Thomas C. Mason, Phoenix, for defendant-appellant.

## OPINION

HATHAWAY, Judge.

This is an appeal from a judgment entered in accordance with a jury verdict and denial of appellant's motions for judgment notwithstanding the verdict and for new trial. We affirm.

Appellee-husband, a foreman for appellant, a subcontractor, brought a breach of contract action based on an alleged oral contract which provided that appellee would receive a bonus of one-half of the difference between the estimated and actual cost of a construction project. A collective bargaining agreement between appellees' union and appellant applied throughout appellees' employment.

On appeal, appellant denies the oral promise is enforceable because of a lack of consideration and because it is illegal. Alternatively, if the promise is enforceable, appellant contends appellees did not adequately prove damages.

A promise lacks consideration if the promisee is under a pre-existing duty to counter-perform. 1A Corbin on Contracts, Sec. 171 (1963). The rule is inapplicable, however, if the promisee undertakes any obligation not required by the pre-existing duty, even if the new obligation involves almost the same performance as the pre-existing duty. Id., Sec. 192. If bargained for, an employee's extra efforts is a new duty

sufficient to support a bonus offer. Annot., 43 A.L.R.3d 503, at 521 (1972). In this case, appellant bargained for appellees' extra efforts. The estimated cost for the project included projections of labor costs based on wages paid to union members working at union standards. Appellee-husband, working at union standards, was obliged to direct and induce his crew to work at union standards. He could earn the bonus only if he induced his crew to perform at better than union standards. To encourage appellee to use extra efforts as foreman to maximize his crew's efficiency, appellant offered the bonus. The bonus, therefore, was supported by consideration.

■■■ The trial judge instructed the jury that if an employee at will continues his employment after a modification of a contract, "[c]ontinued employment by an employee constitutes sufficient consideration to support a modification." Applied to this case, the instruction was correct. It is undisputed that if continued employment is bargained for in making a bonus offer, continued employment is sufficient consideration. *Warren v. Mosher,* 31 Ariz. 33, 250 P. 354 (1926); Annot., supra. at 514. The same rule should apply if continued employment, although not expressly bargained for, is a condition of receipt of a bonus. To receive the bonus, appellee had to continue his employment. His staying on the job attempting to gain the bonus constituted consideration supporting the bonus agreement.

■■■ Appellant contends the contract is illegal because a private contract between an employer and employee subject to a collective bargaining agreement violates the public policy underlying the National Labor Relations Act, 29 U.S.C.A., Secs. 141–187 (1973). Illegality is an affirmative defense that must be pleaded. Rule 8(d), Rules of Civil Procedure, 16 A.R.S. Appellant's failure to affirmatively plead illegality, coupled with appellees' proper objection, precluded appellant from introducing evidence of illegality. 2A Moore's Federal Practice, Sec. 8.27[3], at 1853 (1973). Unless the illegality appears on the face of the contract or from

appellees' case, the defense is waived. *Radio Corporation of America v. Radio Station KYFM, Inc.,* 424 F.2d 14 (10th Cir. 1970); 2A Moore, supra, at 1854. The illegality does not appear on the face of this bonus contract, nor was it raised by appellees' case. Appellant, therefore, waived the defense.

*National Union Indem. Co. v. Bruce Bros.,* 44 Ariz. 454, 38 P.2d 648 (1934), is not controlling. *Bruce* was decided prior to the adoption of Rule 8(d), which specifically requires illegality to be pleaded. Furthermore, one defendant actually pleaded illegality as a bar to enforcement of the contract, and the other's motion to amend its pleadings to plead illegality was refused by the trial court.

■■■ This court must sustain the judgment where there is substantial evidence from which the jury could have found for appellees. *Costanzo v. Stewart Title & Trust of Phoenix,* 23 Ariz.App. 313, 533 P.2d 73 (1975). Our review of the record discloses substantial evidence that actual costs undercut estimated costs and appellees were entitled to $17,789.28 under the bonus contract.

The evidence includes computer printouts, admitted as admission of a party-opponent, which appellant supplied to appellees on a weekly basis. These printouts compared costs incurred on the project to date with total estimated costs. During construction, both parties relied on the printouts to measure appellees' success in cutting costs. The last printout shows a savings of $35,578.56.

■■■ Appellant contends it was error to admit the printouts without evidence of the data upon which the printouts were based. Assuming, arguendo, that the printouts were inaccurate because a cost had not been programmed into the computation of the actual cost, the trial court, nevertheless, correctly admitted them. Unlike a business record, where admissibility turns on reliability of the processes which generate the record, McCormick on Evidence, Secs. 304, 306 (2nd ed. 1972), an admission is admissi-

ble regardless of reliability; it need only have been made by and offered against a party-opponent. Id., Sec. 262. The Verbal Completeness principle, see generally, 7 Wigmore on Evidence, Sec. 2094 (Chadbourne rev. 1978) is inapplicable. The whole admission was admitted. If mistaken, appellant's recourse was to convince the jury by competent evidence that it was mistaken. Cf. *Gallagher v. Viking Supply Corp.,* 3 Ariz.App. 55, 411 P.2d 814 (1966) (error to deny party opportunity to explain admission inconsistent with present claim as to amount of damages).

Appellant's agents testified that the printouts were erroneous because actual costs as programmed did not include field overhead. Field overhead for the job allegedly totaled $33,819.50. Appellant did not introduce into evidence some of the business records necessary to substantiate its claim. Testimony also suggested that the bonus was unpaid because appellant's profit was inadequate, not because actual costs failed to undercut estimated costs. After appellees introduced testimony that the printouts were accurate, appellant moved for a directed verdict on the grounds that appellees had failed to prove damages. Appellant's motions for judgment n. o. v. and for new trial renewed his claim.

Where evidence is conflicting and determination of facts turns on the credibility of witnesses, this court will not substitute its judgment for that of the jury. *Gressley v. Patterson Tillage & Leveling Inc.,* 119 Ariz. 154, 579 P.2d 1124 (App.1978). The evidence in this case was conflicting, and determination of whether actual costs undercut estimated costs turned on the credibility of the witnesses. The jury resolved these conflicts for appellees. We decline to substitute our judgment for the jury's.

Affirmed.

RICHMOND, C. J., and HOWARD, J., concurring.