623 P.2d 360

**STATE of Arizona, Appellee,**

v.

**Richard James TUDGAY, Appellant.**

No. 5094.

Supreme Court of Arizona,
En Banc.

Jan. 9, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Charles R. Krull, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Appellant Richard James Tudgay appeals his conviction of manslaughter, a class 3 felony. A fatal collision occurred on December 29, 1978, at approximately 8:30 p. m. William Hoffman, his wife Barbara and son Brian, were proceeding in the northbound lane on 67th Avenue between Thomas and Indian School Roads, when the jeep driven by appellant swerved into the northbound lane and collided head-on with the Hoffman car. The impact caused the death of William Hoffman, the driver of the other vehicle. We take jurisdiction pursuant to 17A A.R.S., Rules of the Supreme Court, rule 47(e)(5).

Appellant was deposed on April 4, 1979, regarding the accident, in connection with a civil suit filed by Mrs. Hoffman, the surviving spouse. On July 31, 1979, a complaint was filed charging appellant with manslaughter. Appellant was not present at the empaneling of the jury on the commencement of trial, January 2, 1980. The court denied appellant's counsel's request for a continuance due to the absence of appellant, and ordered a bench warrant issued. Appellant was present at trial the next day pursuant to the warrant but voluntarily waived his presence for the remaining proceedings. The trial court had initially ruled that the civil deposition was to be excluded at the criminal trial, but vacated its order upon the State's request for reconsideration.

The State's evidence presented at trial included appellant's statements read by the court reporter who transcribed the civil deposition; testimony of other drivers on 67th Avenue who had seen the accident and described appellant's swerving for a considerable distance prior to the eventual collision; testimony of witnesses who noticed a strong odor of alcohol on appellant's breath immediately after the accident; and the results of a breath analysis which indicated .08 percent blood alcohol. The defense rested without the presentation of any evidence. Appellant was found guilty of manslaughter by the jury and committed to the Department of Corrections for five years. Two questions were raised on appeal.

I

Appellant urges error in the trial court's empaneling of the jury in appellant's absence. Appellant has the right to be present at jury selection but this right may be waived by the accused if he voluntarily absents himself. Annot., 26 A.L.R.2d 762 at 786 (1952) (Impaneling or selection of jury in accused's absence—Waiver by accused). 17 A.R.S., Rules of Criminal Procedure, rule 9.1, provides that the court may infer that the absence is voluntary if the defendant had 1) personal notice of the time of the proceeding, 2) his right to be present at it, and 3) a warning that the proceeding would go forward in his absence should he fail to appear. We find there was sufficient evidence of these three requirements to support the inference of voluntariness and the legality of the court's proceeding in his absence.

Evidence of personal notice is apparent from the following facts. Appellant appeared with counsel on November 2, 1979, and was aware that trial was reset at that time for December 3, as indicated by the minute entry. On December 3 counsel stipulated to continue to January 2, 1980. Counsel for appellant had successfully sent other notices of proceedings to appellant by mailing them to appellant's girlfriend, Miss

Wellman's, address. Counsel sent a notice of the continued trial date in the same manner as before and stated in the record that "I feel he [appellant] knew of the trial date because of Miss Wellman's efforts to communicate by letters to her, which is the only means of communication I have ... He apparently did know the trial date from what she indicated to me."

Requirements 2 and 3 were met by the following. Appellant signed and acknowledged his release order on July 22, 1979. This order which is identical to that suggested in the Arizona Rules of Criminal Procedure Form VI contained the following:

### WARNING TO THE DEFENDANT:

You have the right to be present at your trial and a number of other proceedings of which you will be notified. If you do not appear at the times set by the court, a warrant will be issued for your arrest and the proceeding will begin without you.

A Form VI was signed by the defendant in *State v. Pena*, 25 Ariz.App. 80, 541 P.2d 406 (1975). The Court of Appeals, in holding that the requirements of Rule 9.1 were met, stated at 541 P.2d 407–08:

"The defendant signed this form thus showing that he received notice of his right to be present and that the preliminary hearing would go forward without him if he did not appear. Certainly this satisfies the notice requirement of the Rules. See *State v. Thornburg*, 111 Ariz. 254, 527 P.2d 762 (1974). There is no requirement that a defendant receive notice of his rights after every continuance. Likewise, simply because the defendant was released on his recognizance rather than on the bond described in his release order does not alter the warning that he received."

Even if appellant never actually received notice of the continued trial date, "... it was the appellant's duty under the conditions of his release to maintain contact with

the court and/or his attorney as to the trial date and any changes in that date." *State v. Rice*, 116 Ariz. 182, 186, 568 P.2d 1080, 1084 (App.1977). Appellant's counsel did not persuade the court that his absence was other than voluntary. "Once a defendant's knowledge of the trial date is shown, the defendant has the burden of persuading the court that his absence was not voluntary." *State v. Tacon*, 107 Ariz. 353, 356, 488 P.2d 973, 976 (1971).

Appellant urges that the record provides an insufficient basis to determine the voluntariness of appellant's absence and that we must remand for an evidentiary hearing so that appellant can rebut the court's finding. "We will not thus defeat the entire purpose of Rule 9.1." *State v. Goldsmith*, 112 Ariz. 399, 400, 542 P.2d 1098, 1099 (1975). Reinforcement of the determination that appellant was absent by choice was displayed by appellant's conduct. Pursuant to bench warrant, he was present for trial the next day, and thereafter he knowingly waived his right to be present and to testify in the remaining proceedings. Since there was a prima facie showing of voluntary waiver, and no evidence presented by appellant to the contrary, the court did not err in proceeding in absentia.

### II

Appellant alleges that the trial court erroneously permitted the introduction into evidence of appellant's statements made at the earlier civil deposition. Appellant was noticed by the surviving spouse's attorney and deposed regarding the fatal car accident which was the subject of the civil suit. The civil case was settled and dismissed and the deposition was never filed as part of the record in that matter. Appellant was purportedly represented by the attorney for the insured's (the owner of the car that appellant was driving) insurance company. At the taking of the deposition, a criminal complaint had not yet been filed. The trial court's earlier order suppressing the deposition was based upon the failure to give *Miranda** warnings and the failure to in-

* *Miranda v. State of Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

form the appellant that the statement made in the deposition could be used in any subsequent criminal proceeding. The statements read into evidence from the deposition, over defense counsel's objection, tended to corroborate the other testimony as to defendant's use of alcohol. Appellant contends on appeal that the trial court erred in admitting these statements without preliminarily determining the voluntariness of appellant's statements and without the State's laying the proper foundation. We find that the statements were properly admitted.

First, appellant has conceded that the failure to give *Miranda* warnings does not render the statements involuntary because the deposing of the appellant did not involve custodial police interrogation. Appellant claims, however, that even where a private individual takes a statement from a suspect, the statements must be found to be voluntary. Appellant cites *State v. Cabrera*, 114 Ariz. 233, 236, 560 P.2d 417, 420 (1977), for this proposition. Appellant has stretched the holding in *State v. Cabrera*, to its snapping point in suggesting it supports his argument. There, the owners had apprehended the defendant-burglar and his companions, held them at gunpoint and made them lie down until the police arrived. An owner had shot at defendant and had hit defendant with the butt of his gun. That was the background for the defendant's statements made in response to the owner's questions. In that obviously coercive context we held that the statements were involuntary.

To permit the use of a deposition in a later prosecution, we agree that the voluntariness of the testimony given must be determined. A determination of voluntariness is necessary to insure that the deponent has effectively waived his privilege to refuse to testify to incriminating matters. We do not require a showing that the deponent was instructed regarding his rights and consciously waived his rights at the civil deposition. In the Ninth Circuit Court of Appeals decision of *London v. Patterson*, 463 F.2d 95, 97 (9th Cir. 1972), the court did not require that specific "*Miranda*-type" instructions be given at the deposition and stated:

"Appellant places great emphasis upon the argument that at the time his deposition was taken in the civil case, there was no reason whatever to apprehend any possibility of incrimination. Therefore, appellant continues, his innocent answering of questions could not have amounted to waiver.

. . . . .

"One being sued civilly for $740,000 upon charges of such nature [attainment of funds under a scheme to defraud, cheat] and having retained counsel, could not have been blithely innocent of possible criminal involvement. We cannot view as clearly erroneous the trial court's finding that the appellant gave his testimony in the civil case with realization of the risk involved and of his Fifth Amendment privilege."

The failure to assert his privilege or refuse to answer or to seek a protective order may constitute a waiver if the testimony was not given under coercive circumstances. Everyone is presumed to generally know of his rights and the burden to show that testimony was not voluntarily given is placed upon the appellant. The testimony is admissible absent a showing that the privilege was not voluntarily waived. *See* Annot., 5 A.L.R.2d 1404 at 1419 (1949) (self-incrimination—privilege—waiver).

Appellant urges that the test of the voluntariness of a statement made to a private person is whether the statement was "made by [the] accused freely, without duress, fear or compulsion in its inducement, and with *full knowledge of the nature and consequences of the statement made.* 22A C.J.S. *Criminal Law* § 732." But we defined voluntary statements in *State v. Cabrera*, not as appellant suggests, but as statements that are "free from force and coercion." 560 P.2d at 420.

In *State v. Christopher*, 10 Ariz.App. 169, 457 P.2d 356 (1969), defendant was convicted of second-degree burglary and grand theft of some of his neighbor's possessions.

Prompted by the neighbor's promise that charges would not be pressed, defendant made some statements to his neighbor which were in the nature of an admission. The Court of Appeals, in holding that the statements were properly admitted at the subsequent criminal trial, stated at 457 P.2d 358:

"The general proposition that a confession and/or admission made to civilians as well as police officers must meet some form of voluntariness test has been recently upheld in several cases. (citations omitted)."

Here, the record indicates that no pressures were exerted upon appellant in the civil deposition.

In *State v. Stoneman*, 115 Ariz. 594, 597, 566 P.2d 1340, 1343 (1977), we reaffirmed and quoted from *West v. State*, 24 Ariz. 237, 208 P. 412 (1922):

' "It is well settled that any statements made by a defendant prior to his trial, having the effect of an admission, connecting him with the act, and likewise a confession that he committed the act, whether judicial or extrajudicial, if made without coercion, duress, or hope of reward, may be used by the state in evidence as a part of its original case upon the defendant's trial for the offense charged." '

Appellant was under oath and sworn to give the truthful testimony regarding the traffic accident. Generally, the defendant in a civil proceeding has waived his privilege against self-incrimination by making a deposition containing incriminating matters, and it is ordinarily immaterial whether he appeared voluntarily or under compulsion of an order from the court or subpoena or by notice from the adverse party. Annot., 72 A.L.R.2d 830 at 837 (1960) (self-incrimination—waiver—civil cases). Appellant's appearance at the deposition pursuant to the adverse party's notice does not amount to coercion or duress. Therefore, we find no error in the trial court's admission at the criminal trial of appellant's statements made in the earlier civil deposition.

Second, we respond to appellant's assertion that the testimony was admitted without proper foundation. Appellant states that the hearsay exception in 17A A.R.S., Rules of Evidence for Courts in the State of Arizona, rule 803(5), was not met because the court reporter did not indicate that she had sufficient recollection to enable her to testify fully and accurately prior to her reading the transcript. This argument is totally irrelevant because appellant's testimony from the deposition does not fall within the definition of hearsay, Rule 801.

"The hearsay rule, therefore, is not a ground of objection when an opponent's assertions are offered *against* him; in such case, his assertions are termed admissions.... [T]he party's testimonial utterances ... pass the gauntlet [of the hearsay rule] ... because he himself is in that case the only one to invoke the hearsay rule and because he *does not need to cross-examine himself.*" 4 Wigmore, Evidence § 1048 (Chadbourn rev. 1972).

The party opponent's utterance is sought to be used against him because it now exhibits an inconsistency with his present claim, at trial, that he is not guilty of manslaughter. The statements from the deposition were admitted as substantive evidence of appellant's intent. Appellant stated in the deposition that he had been drinking the night before and earlier on the morning of the accident. His voluntary self-commitment to a center for alcohol abuse was also elicited. These and other statements constituted admissions which were introduced at trial by the State against the appellant, a party in the earlier civil action and in the criminal action. These statements are admissible for the reasons set forth in *Gonzales v. Landon*, 215 F.2d 955, 957 (9th Cir. 1954):

"The extrajudicial statements of a party to the action, civil or criminal, are binding upon him and substantive evidence against him.[6] ..."

"[6] '... and the more notably they [the extrajudicial statements] run counter to the natural bias or interest of the party *when made*, the more credible they become; this element adding to their probative value, but not being essential to their admissibility.' IV Wigmore

**6**

on Evidence Sec. 1048 (3rd Ed.). (citation omitted)."

"[A]n admission is admissible regardless of reliability; it need only have been made by and offered against a party-opponent (citation omitted)." *Leone v. Precision Plumbing & Heating of Southern Arizona, Inc.*, 121 Ariz. 514, 516–17, 591 P.2d 1002, 1004–05 (1979). Further, 17 A.R.S., Rules of Criminal Procedure, rule 19.3, provides that the law of evidence relating to civil actions shall apply to criminal proceedings. 16 A.R.S., Rules of Civil Procedure, rule 32(a), allows the use of depositions in court proceedings "so far as admissible under the rules of evidence," and 17A A.R.S., Rules of Evidence, rule 801(d)(2), permits the introduction of admissions by a party-opponent into evidence. Therefore, the deposition was properly admitted against the appellant.

We affirm the judgment of conviction and the sentence.

STRUCKMEYER, C. J., HOLOHAN, Vice C. J., and CAMERON and GORDON, JJ., concur.