NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

ROBERT MILLER, *Appellant*.

No. 1 CA-CR 14-0255

FILED 4-7-2015

---

Appeal from the Superior Court in Maricopa County
No. CR2013-432803-003
The Honorable Virginia L. Richter, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge John C. Gemmill and Judge Donn Kessler joined.

J O N E S, Judge:

¶1　　　　Robert Miller appeals his convictions and sentences for one count of burglary in the third degree and one count of possession of burglary tools. After searching the entire record, Miller's defense counsel has identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), defense counsel asks this Court to search the record for fundamental error. Miller was afforded the opportunity to file a supplemental brief *in propria persona*, which he elected not to do. After reviewing the record, we find no error. Accordingly, we affirm Miller's convictions and sentences.

## FACTS[1] AND PROCEDURAL HISTORY

¶2　　　　In the early morning of July 13, 2013, police officers responded to a report of suspicious activity and found three males standing between the back of an open U-Haul truck and a dumpster. Miller told the officers he and the other two men, later identified as Jason Martinez and Vernon Nelson, were taking metal out of the dumpster.

¶3　　　　The officers did not observe any metal in the dumpster, which contained mostly discarded shingles and other roofing supplies. However, inside the U-Haul, the officers observed two metal fence posts that appeared to match those missing from the chain-link fence surrounding the adjoining property, a pair of bolt cutters, a crowbar, and a bag and toolbox, each containing a variety of hand tools.

---

[1]　　　"We view the evidence and all reasonable inferences therefrom in the light most favorable to sustaining the jury's verdicts." *State v. Miles*, 211 Ariz. 475, 476, ¶ 2, 123 P.3d 669, 670 (App. 2005).

¶4 Within the adjoining property's fenced area, officers discovered a large air conditioning unit that had been pried open and propped up on a dolly. The unit's exposed copper piping and electrical wires had been cut, causing fluid to leak from the unit and pool onto the ground. Two additional tool bags were found near the unit and inside the fence, one of which contained a bottle of medication prescribed to Vernon Nelson.

¶5 At trial, officers testified that air conditioning units were frequently targeted as sources of copper, which can be stripped and sold as scrap. Although the tools used to commit a burglary differ based upon the target, the officers noted that bolt cutters, wire cutters and crowbars are common tools used to strip air conditioning units. Additionally, an officer testified that burglars will often cut the power and drain the fluids from an air conditioning unit as a safety precaution prior to removing the copper.

¶6 The owner of the property testified, consistently with the reports of the law enforcement officers, that the property was under construction and completely surrounded by fencing, with the exception of a single gate at the front. The owner further stated he intended to reinstall the air conditioning unit, which he described as "essentially new" and in good working condition, once the roof repairs were completed. Coincidentally, the owner took photographs of the air conditioning unit the afternoon prior to this incident that showed the unit was undamaged. The owner denied knowing Miller, Martinez, or Nelson or giving them permission to enter the premises.

¶7 Before the case was submitted to the jury, Miller's counsel made an unsuccessful Rule 20 motion. Thereafter, the jury found Miller guilty on both counts. The jury further determined the State had proven four aggravating factors: (1) the offense was committed in the presence of an accomplice; (2) the offense was committed for pecuniary gain; (3) the offense caused financial harm to the victim; and (4) the offense was committed while Miller was on community supervision. Miller admitted having four prior felony convictions, and was sentenced to presumptive terms of imprisonment of 10 years for burglary in the third degree and 3.75 years for possession of burglary tools, with the sentences set to run concurrently.

**DISCUSSION**

¶8        After reviewing the entire record for reversible error, we find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. Reasonable evidence was presented to support the jury's verdict that Miller unlawfully entered the fenced commercial yard with the intent to commit a theft, or aided Nelson and/or Martinez in doing so, and that Miller possessed the tools used to commit the burglary.

¶9        All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Miller was represented by counsel at all stages of the proceedings. Miller did not appear for the final pretrial management conference or trial, and does not suggest any error in the decision to proceed *in absentia*. We likewise find no error, as Miller was advised of the trial date and warned the State could go forward if he failed to appear. *See State v. Muniz-Caudillo*, 185 Ariz. 261, 262, 914 P.2d 1353, 1354 (App. 1996) (citing *State v. Tudgay*, 128 Ariz. 1, 2, 623 P.2d 360, 361 (1981), and Ariz. R. Crim. P. 9.1).

¶10       The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* Ariz. Rev. Stat. § 21-102(B) (2015); Ariz. R. Crim. P. 18.1(a). At sentencing, Miller was given an opportunity to speak, and the trial court stated on the record the evidence and materials it considered and the factors it found in imposing sentence. The record reflects Miller's admission to the prior felony convictions was knowing, intelligent, and voluntary, and in compliance with Arizona Rule of Criminal Procedure 17.6. Additionally, the sentence imposed was within the statutory limits.

**CONCLUSION**

¶11       Miller's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Miller's representation in this appeal have ended. Defense counsel need do no more than inform Miller of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

¶12 Miller has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.19(a). Upon the Court's own motion, we also grant Miller thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.

