NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DUSTIN PARKER CURRY, *Appellant.*

No. 1 CA-CR 23-0238
FILED 4-16-2024

Appeal from the Superior Court in Maricopa County
No. CR2020-109873-001
The Honorable Joseph Shayne Kiefer, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Law Office of Kyle T. Green, PLLC, Tempe
By Kyle T. Green
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Anni Hill Foster and Judge Randall M. Howe joined.

---

**G A S S**, Chief Judge:

¶1        Dustin Parker Curry filed this appeal based on *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Curry's counsel searched the record and identified no arguable, non-frivolous question of law. Counsel thus believes the appeal has no merit. *See State v. Clark*, 196 Ariz. 530, 537–38 ¶ 31 (App. 1999). Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75, 81–82 (1988); *Clark*, 196 Ariz. at 537 ¶ 30. This court allowed Curry to file a supplemental brief *in propria persona*. He has not done so.

¶2        We reviewed the record and identified no arguable error. We affirm Curry's convictions and sentences.

## FACTUAL AND PROCEDURAL HISTORY

¶3        This court views the facts in the light most favorable to sustaining the jury's verdict and resolves all reasonable inferences against Curry. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998).

¶4        Curry's convictions arose from an argument between Curry and two victims. Curry was in his backyard trimming tree branches with a chainsaw. The victims were doing yard work in a neighboring backyard. Curry began arguing with the victims.

¶5        The victims heard Curry yell that he was going to kill the second victim and saw Curry hold up a gun over the backyard fence and point it at them. Thinking they saw a gun, the victims ran into the garage. Though they never saw Curry fire a gun, they thought they heard five or six gunshots.

¶6        The second victim called police to report the altercation. Police took Curry into custody and read him his *Miranda* rights. *See Miranda v. Arizona*, 384 U.S. 439 (1966). Curry then told officers he had argued with his neighbor but denied possessing a gun during the altercation. Curry acknowledged having two BB or airsoft guns and told the officers where to

find them. When the officers searched Curry's residence, they found the guns where Curry said the guns would be.

**¶7**        The State charged Curry with two counts of aggravated assault. *See* A.R.S. §§ 13-1203, -1204, -701.

**¶8**        Early in the case, the superior court granted defense counsel's motion for a Rule 11 evaluation. *See* Ariz. R. Crim. P. 11.2. The superior court found Curry competent to stand trial. *See* A.R.S. § 13-4510.B. Two years later, defense counsel moved for another Rule 11 evaluation of Curry's mental health, and the superior court again found him competent. *See* Ariz. R. Crim. P. 11.2; A.R.S. § 13-4510.B.

**¶9**        On Curry's first trial date, he and defense counsel briefly discussed a plea offer outside the courtroom. Curry then entered the courtroom and said, "Your Honor, I'm in crisis. I need to call the crisis line right now," after which he left abruptly. When the superior court went back on the record, Curry was not present. The superior court allowed Curry's counsel to withdraw because of a breakdown of the attorney-client relationship. The superior court continued the trial, issued a bench warrant, and appointed new counsel to represent Curry. The superior court judge noted Curry's outburst was not cause for another Rule 11 evaluation because Curry had undergone competence proceedings twice and no more competence evaluations were requested.

**¶10**        After Curry's new counsel was in place, the superior court scheduled and held Curry's trial. When Curry failed to appear on the first day, the superior court continued the trial to the next day and issued a bench warrant for Curry's arrest. When Curry failed to appear as scheduled on the second day, he called and told court staff he would not appear. Curry's failure to appear was nothing new. During the three years before his second trial, Curry repeatedly missed hearings. At that point, the superior court found his absence voluntary and proceeded with jury selection. *See* Ariz. R. Crim. P. 9.1. Though Curry missed jury selection, he arrived during the State's opening statement and was present for the remaining proceedings.

**¶11**        The jury convicted Curry of two counts of the lesser-included offense of assault, a class two misdemeanor, classified as non-dangerous, non-repetitive offenses. *See* A.R.S. §§ 13-1203.A.2 (offense) and B (classification), -105.13 (defining "dangerous"), -703 (defining "repetitive offender"). The superior court suspended the imposition of sentence and placed Curry on 18 months' supervised probation for both convictions to

run concurrently, with 90 days in county jail but credit for 104 days served, and special conditions of probation for mental health.

¶12 This court has jurisdiction over Curry's timely appeal under article VI, § 9, Constitution of Arizona, and A.R.S. §§ 13-4031 and -4033.A.1.

**ANALYSIS**

¶13 This court considered counsel's brief and thoroughly reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537 ¶ 30.

¶14 The superior court conducted all the proceedings in compliance with the Arizona Rules of Criminal Procedure. Curry had the opportunity to be present for and was represented by counsel at all critical stages of the proceedings. *See State v. Bohn*, 116 Ariz. 500, 503 (1977); *State v. Conner*, 163 Ariz. 97, 104 (1990). The jury was properly comprised of twelve jurors and one alternate. *See* A.R.S. § 21-102.B. The record shows no evidence of jury misconduct. The superior court properly instructed the jury on the elements of the charged offense and the lesser-included offense of assault, the State's burden of proof, and Curry's presumed innocence. The superior court gave Curry the opportunity to speak at sentencing and imposed sentences within statutory guidelines. *See* Ariz. R. Crim. P. 26.9 (requiring defendant presence at sentencing), 26.10(c)(1) (allowing defendant to speak); A.R.S. § 13-707.A (misdemeanor sentencing).

¶15 We address two specific issues to explain why they are not arguable on appeal: competence and voluntary waiver.

**I.      Curry was competent to stand trial.**

¶16 Curry did not raise the competence issue on appeal. We briefly address the issue because of his history of concerning behavior. Curry underwent two Rule 11 evaluations before the trial. Though Curry told the judge he was "in crisis" and left on the first day of trial, his disruptive behavior was not abnormal, and the judge noted the results of Curry's previous competency evaluations. Nothing about Curry's behavior at or during the trial raises any arguable issues about his competence. Under these circumstances, the superior court did not err by resuming the trial without another competency evaluation.

## II.     The superior court did not err when it found Curry voluntarily waived his presence for part of the trial.

**¶17**        A defendant "has the right to be present at every stage" of a criminal trial but can waive that right. Ariz. R. Crim. P. 19.2. The superior court may infer defendants voluntarily waived their presence under certain circumstances. *See* Ariz. R. Crim. P. 9.1. The defendant must have known the time of the proceeding and known of the right to be present and have been warned the proceeding may take place in the defendant's absence. *See* Ariz. R. Crim. P. 9.1; *State v. Tudgay*, 128 Ariz. 1, 2 (1981).

**¶18**        Curry was present for most critical stages of the proceedings. Curry missed jury selection and part of the State's opening statement. The superior court found his absence voluntary and proceeded with jury selection. *See* Ariz. R. Crim. P. 9.1.

**¶19**        The superior court did not abuse its discretion when it found Curry voluntarily absented himself from some proceedings. *See Tudgay*, 128 Ariz. at 2–3. The superior court found Curry had notice of the time and place of his trial because he called court staff to say he would not be present. The superior court warned Curry several times his failure to appear could lead to the proceedings taking place in his absence.

## CONCLUSION

**¶20**        Because the record shows no arguable error, we affirm Curry's convictions and sentences.

**¶21**        Defense counsel's obligation to represent Curry in this appeal has ended. Defense counsel need just inform Curry of the outcome of this appeal and his future options, unless, upon review, defense counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

**¶22** Curry has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.21. This court also grants Curry 30 days from the date of this decision to file an *in propria persona* motion for reconsideration. *See* Ariz. R. Crim. P. 31.20.

