NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

KENNETH VRAIL GEORGE, *Appellant*.

1 CA-CR 24-0491
1 CA-CR 24-0492
(consolidated)

FILED 12-11-2025

Appeal from the Superior Court in Maricopa County
No. CR2017-157187-001
No. CR2020-001749-001
The Honorable Utiki Spurling Laing, Judge *Pro Tempore*

**AFFIRMED IN PART; DISMISSED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph E. Begun
*Counsel for Appellee*

Bain & Lauritano PLC, Glendale
By Amy E. Bain
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

_____

**M c M U R D I E**, Judge:

¶1 Kenneth Vrail George appeals from his conviction and sentence for aggravated driving under the influence ("DUI"), and his probation revocation and the resulting sentence for a previous offense. We affirm the superior court's finding that George voluntarily absented himself from the aggravated DUI and probation revocation proceedings, causing a delay in sentencing of over 90 days. We thus dismiss his appeal challenging the conviction and revocation determination. Because George raises no issue about the resulting sentences, we affirm the sentences imposed.

## FACTS AND PROCEDURAL BACKGROUND

¶2 In December 2017, a grand jury indicted George on one count of sex trafficking, a class 2 felony; six counts of pandering, a class 5 felony; one count of receiving the earnings of a prostitute, a class 5 felony; one count of transporting persons for prostitution, a class 5 felony; and one count of possession or use of marijuana, a class 6 felony. He entered into a plea agreement in which he pled guilty to one count of sex trafficking and one count of pandering, and the court dismissed the other charges with prejudice. In May 2018, the court sentenced George to a term of 1.5 years' imprisonment on the pandering conviction and placed him on two years' supervised probation for the sex trafficking conviction.

¶3 In April 2020, a year into his probation, George's probation officer reported that she had lost contact with him and that his whereabouts were unknown. The State petitioned to revoke his probation, alleging he traveled to California without permission and failed to obtain approval before changing his residence. The superior court issued a warrant for George's arrest. He was arrested on the warrant in August 2020 and released.

¶4 The next month, the State filed a supplemental petition to revoke probation after obtaining an indictment for two counts of aggravated DUI and one count of possession or use of marijuana (later

dismissed by the court). George failed to appear at his September 3, 2020, arraignment, and the court issued a bench warrant. A little over a week later, George was arrested, and he appeared at the rescheduled arraignment on September 18.

¶5            At his arraignment, George was released from custody pending trial on the DUI charges. In the release order, the superior court informed George that his trial was scheduled to begin in January 2021. George attended several hearings after his release, but later stopped attending hearings and failed to contact his attorney, pretrial services, or the probation department. After various continuances, the trial began *in absentia* in October 2021 after the court found that George had voluntarily absented himself. The jury failed to reach a verdict, and the court declared a mistrial.

¶6            In early 2022, the court held a second trial, again *in absentia*, given George's failure to appear. The jury did not return a verdict on one DUI count but found George guilty on the other count. At the close of the trial in early February 2022, the court affirmed George's outstanding bench warrant.

¶7            In September 2023, George wrote to the court stating he was serving a 364-day sentence in Nevada. In December 2023, he was arrested in Arizona, and the court scheduled a sentencing hearing. Before the sentencing hearing, the State submitted evidence showing that George was not incarcerated in Nevada during either trial. In August 2024, the court held a sentencing hearing. For the DUI conviction, the court sentenced George to the presumptive sentence of four and a half years' imprisonment, with 281 days' presentence incarceration credit. On the probation revocation, the court sentenced him to a consecutive mitigated term of three years' imprisonment with 149 days' presentence incarceration credit.[1] George appealed, and the State moved to stay and remand the case for a voluntariness hearing on his absence at trial. This court granted the motion

---

[1]       The presentence report noted that George received 141 days of presentence incarceration credit for the underlying offense on the probation violation and therefore should only receive 93 days of credit for these offenses. But the presentence report and the court included the 141 days in calculating his presentence credit for the probation violation. Because the State did not appeal this error and the error runs in favor of the defendant, we do not disturb the sentence. *See State v. Dawson*, 164 Ariz. 278, 283-84 (1990).

to stay. At the hearing on the limited remand, the court found that George had voluntarily absented himself from the proceedings, creating a delay of more than 90 days between his conviction and sentencing, thereby waiving his right to appeal conviction issues.

¶8        George appealed under Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1) and 13-4033(A)(1) and Article 6, Section 9, of the Arizona Constitution. We affirm the superior court's determination that George voluntarily absented himself from the proceedings, causing his sentencing to be delayed more than 90 days. Thus, George has waived his right to appeal conviction issues under A.R.S. § 13-4033(C), and we are without authority to hear that portion of the appeal.

## DISCUSSION

¶9        On appeal, George raises two arguments: (1) that the superior court abused its discretion by not vacating the verdict because his absence at trial was involuntary, and (2) that the superior court abused its discretion by denying a requested jury instruction. The State argues that under A.R.S. § 13-4033(C), we lack jurisdiction for either claim because George voluntarily delayed his sentencing for more than 90 days.

¶10       By statute, "[a] defendant may not appeal . . . [from a conviction] if the defendant's absence prevents sentencing from occurring within ninety days after conviction and the defendant fails to prove by clear and convincing evidence at the time of sentencing that the absence was involuntary." A.R.S. § 13-4033(C); *see also* Ariz. R. Crim. P. 26.9 (The defendant must be present at sentencing.). The State bears the burden of proving the defendant knowingly, voluntarily, and intelligently waived his right to appeal. *State v. Brearcliffe*, 254 Ariz. 579, 584, ¶ 16 (2023). To meet its burden, the State must prove that the defendant was advised that, if he delayed sentencing by more than 90 days after his conviction, he would waive his right to appeal. *Id.* Implicit in the State's burden is proving that the defendant delayed his sentencing by more than 90 days. *See id.* To overcome the statutory waiver shown by the State, a defendant must prove by clear and convincing evidence that his or her absence was involuntary. A.R.S. § 13-4033(C).

¶11       If the court finds the defendant's absence was voluntary, the waiver finding and sentencing issues are the only issues the defendant may raise on direct appeal. *See* A.R.S. § 13-4033(C); *Brearcliffe*, 254 Ariz. at 584, ¶ 19 (A reviewing court may examine the record on appeal to determine whether a defendant's absence was knowing and voluntary.); *State v.*

*McNulty*, ___ Ariz. ___, ___, ¶ 11-12, 573 P.3d 581, 586 (App. 2025) (This court reviewed the superior court's finding that the defendant's absence delaying sentencing was voluntary, and determined it was involuntary.).

**¶12**        We first review whether the State met its burden of proving that George's absence delayed the sentencing more than 90 days. Because his absence began before trial, we must determine whether his absence at trial was voluntary; if so, the 90-day period began on the date of his conviction. *See* A.R.S. § 13-4033(C).

**A.        George Voluntarily Absented Himself from His Trials.**

**¶13**        "The right to be present at trial is protected both by the Sixth Amendment to the federal constitution as incorporated and applied to the states through the Fourteenth Amendment, and by article II, section 24 of the Arizona Constitution." *State v. Levato*, 186 Ariz. 441, 443 (1996); *see also United States v. Gagnon*, 470 U.S. 522, 526 (1985) (The right to presence is rooted largely in the Confrontation Clause of the Sixth Amendment, or, when a defendant is not confronting witnesses or evidence, the Due Process Clause of the Fifth Amendment.); *cf.* Ariz. R. Crim. P. 9.1 (explaining how the right to be present may be waived). By rule, "in a felony or misdemeanor trial [the defendant] has the right to be present at every stage of the trial, including, if applicable, the impaneling of the jury, the giving of additional instructions under Rule 22, and the return of the verdict." Ariz. R. Crim. P. 19.2.

**¶14**        But a defendant may waive the right to be present. Ariz. R. Crim. P. 9.1, 19.2. Under Rule 9.1, a defendant waives his or her right to be present at any proceeding if his or her absence is voluntary. The court may infer the defendant's absence is voluntary if he or she had notice of the date and time of the proceeding, of the right to be present, and that the proceeding would go forward in his or her absence. Ariz. R. Crim. P. 9.1. But "[t]here is no requirement that a defendant receive notice of his rights after every continuance," and "[e]ven if [the defendant] never actually received notice of the continued trial date, it [is] the [defendant's] duty under the conditions of his release to maintain contact with the court and/or his attorney as to the trial date and any changes in that date." *State v. Tudgay*, 128 Ariz. 1, 3 (1981) (quotations omitted) (cleaned up). Should a defendant later fail to receive notice of the trial date, his absence would still be voluntary because he has violated those terms. *Id.*

**1. George Had Proper Notice.**

¶15 When the record shows that the defendant had personal notice of the time of trial and that the trial would proceed in his absence, the defendant bears the burden of proving his absence was involuntary. *State v. Sainz*, 186 Ariz. 470, 473, n.2 (App. 1996). We first examine whether the record supports that George had notice.

¶16 The arraignment minute entry states that George was present for the group advisement. The minute entry also reflects that the advisement warned that the trial would proceed in his absence. This record thus established that George received the advisement that he could be tried *in absentia*. *See Burri v. Campbell*, 102 Ariz. 541, 543 (1967) ("It is a settled principle of law that official acts of public officers are presumed to be correct and legal, in the absence of clear and convincing evidence to the contrary.").

¶17 George argues the advisement minute entry is generic and does not show whether it was actually read to him. But the minute entry clearly states that George was present for the group advisement, and he provides no factual basis for his argument that this "generic language" in the minute entry was not provided during the advisement. We will not presume the court committed error. *State v. Saiz*, 3 Ariz. App. 223, 225 (1966) ("We will presume no error where none has been indicated, nor will we go behind the record in an attempt to discover error."). George fails to show error.

¶18 Other evidence in the record also supports the court's finding. All four release orders contained a waiver advisement. George asserts that none of these orders and entries were provided to him, but the record includes two release orders that George signed in 2017, when he was charged with the underlying offenses. Given the number of documents that include the advisement, there is sufficient evidence to support the finding that George had notice. While George contends that notice was deficient because the court never sent him notice of his second trial date, George had a duty under his release conditions to maintain contact with his attorney, including any changes to that date. *See Tudgay*, 128 Ariz. at 3.

**2. George Did Not Prove His Absence from the Trial Was Involuntary.**

¶19 Because George had notice that the trial could proceed without him, the burden shifted to him to prove his absence was involuntary. *Sainz*, 186 Ariz. at 473, n.2. At sentencing, George argued he

left the state for a family emergency and did not return to Arizona because when he was released from custody in Nevada, he was told no warrant was evident to the local authorities, and he had also heard that because of the COVID-19 Pandemic, cases were no longer being prosecuted. None of these reasons establishes an involuntary absence. *See Diaz v. United States*, 223 U.S. 442, 458 (1912) (Absconding while on bail throughout the trial may not operate as a defense for absence.); *State v. Tacon*, 107 Ariz. 353, 355-57 (1971) (Defendant's absence was voluntary when he failed to appear because he had no funds to travel for his trial.); *State v. Superior Court (Ochoa)*, 183 Ariz. 139, 145 (App. 1995) (When a defendant absconds and fails to communicate with his attorney, his absence is voluntary.).

**¶20**        And contrary to George's argument, the court did not have to hold an evidentiary hearing just because he claimed he was arrested in Nevada and did not waive his right to be present. *See State v. Goldsmith*, 112 Ariz. 399, 400 (1975) (Defendant was not entitled to an evidentiary hearing to rebut the findings of the trial court that his absence at trial was voluntary.); *State v. Fristoe*, 135 Ariz. 25, 35 (App. 1982) (No abuse of discretion when the court refused to hold an evidentiary hearing on voluntariness when the defendant was out of contact with his attorney.).

**¶21**        George's reliance on *Sainz* is misplaced. In *Sainz*, the court held that the superior court should have held an evidentiary hearing because the defendant presented evidence that he had been incarcerated during his trial. 186 Ariz. at 472-73. Here, the record shows that George was out of custody during both trials. Thus, George's absence during his trials was voluntary, and his absence delaying sentencing began on his conviction date, February 7, 2022.

## B.    George Waived His Right to Appeal Under A.R.S. § 13-4033(C).

**¶22**        Finally, we address the superior court's determination that George's absence, causing a delay in sentencing, was voluntary. In *Brearcliffe*, our supreme court held that the superior court must allow the defendant to present evidence showing that the absence was involuntary. *Brearcliffe*, 254 Ariz. at 584, ¶ 17.

**¶23**        At the *Brearcliffe* hearing, the court allowed George to present evidence. The superior court determined that George had notice that he would lose his rights if he delayed sentencing. In finding George failed to prove his absence was involuntary, the court noted that George himself testified "that he *could* have asked to come back to Arizona but failed to do so." George's trial concluded on February 7, 2022, and the court updated

the existing bench warrant. George was released from custody on January 6, 2022. George was not taken into custody again until March 20, 2023, 406 days after his conviction. Thus, George was out of custody for well over ninety days between his conviction and his arrest in Arizona on December 4, 2023. As a result, the court did not err by finding George's absence voluntary. We lack the authority to review George's jury instruction claim. *See* A.R.S. § 13-4033(C); *State v. Bolding*, 227 Ariz. 82, 84-85, 88, ¶¶ 3-4, 20 (App. 2011) (When a defendant has voluntarily delayed sentencing by more than 90 days, this court is without jurisdiction to decide conviction issues raised on the direct appeal.).

## CONCLUSION

**¶24** We affirm the superior court's finding that George voluntarily delayed his sentencing by more than 90 days and dismiss the appeal challenging his conviction. We affirm the sentences imposed.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR