458 P.2d 953

**Joseph ERICKSON, Plaintiff,**

**v.**

**CITY COURT OF the CITY OF PHOENIX and Judge Eugene K. Mangum, Chief Magistrate thereof, Defendants.**

**No. 2006.**

Supreme Court of Arizona.

In Banc.

Sept. 25, 1969.

Minne & Sorenson, by Roger J. Blake, Phoenix, for plaintiff.

Ben P. Marshall, City Prosecutor, Phoenix, Robert J. Backstein, City Atty., Phoenix, by Alan S. Max, Asst. City Atty., Phoenix, for defendants.

LOCKWOOD, Vice Chief Justice.

The case at bar is presented upon a stipulated statement of facts to answer a certified question of law. The question of law concerns the constitutionality of A.R.S. § 13–1403(5), which in substance, allows an officer to make an arrest without warrant for certain misdemeanors which are not committed in his presence.

The stipulated statement of facts is as follows: On March 11, 1968, at approximately 12:30 A.M., Officer M. C. Davis of the Phoenix Police Department responded to an accident call at Third Street and McDowell Road in Phoenix, Arizona. Upon his arrival at the accident scene, Officer Davis ascertained who was driving each of

**20**

the two vehicles involved, which was previously unknown to him. He observed the physical evidence at the scene, determined how the accident occurred, and observed petitioner defendant, Erickson, (whom he had been informed was the driver of one of the vehicles involved).

Watching Erickson, Officer Davis observed the following:

1. That Erickson had a strong odor of intoxicating liquor on his breath and a flushed complexion, his clothes were disarrayed, his eyes were watery and bloodshot.

2. That Erickson's attitude towards the officer and towards what was happening varied. His attitude went from stuporous to cooperative, from cooperative to stubborn, from stubborn to indifferent, and from indifferent to rebellious.

3. That during this entire time, the defendant's speech was slurred and confused, and his choice of words was poor, his balance was poor with constant swaying and occasional falling.

Based upon Officer Davis' investigation and observations at the scene, the defendant was placed under arrest pursuant to A.R.S. § 13–1403(5), for the offense of failure to control his vehicle so as to avoid a collision, (A.R.S. § 28–701, subsec. A) and driving a motor vehicle while under the influence of intoxicating liquor (A.R.S. § 28–692, subsec. A). After having been advised of his constitutional rights, the defendant refused to answer the questions asked by Officer Davis, saying: "All that I say is that I ran into that guy, it is my fault." The above is the sum total of the agreed statement of facts.

A.R.S. § 13–1403, in pertinent part states that

"A peace officer may, without a warrant, arrest a person:

*   *   *   *   *   *

"(5) When at the scene of a traffic accident, based upon personal investigation, the officer has probable cause to believe that the person to be arrested

has violated any section of Title 28.
* * *"

The question certified to this Court is:

"Can the State of Arizona constitutionally authorize the arrest of a person found at the scene of an automobile accident when the arresting officer has, based upon his own investigation, probable cause to believe that the person so arrested has violated any section of Title 28, of the Arizona Revised Statutes?"

State v. Nixon, 102 Ariz. 20, 423 P.2d 718 (1967) involved facts substantially similar to those in the case at bar. In Nixon, the defendant was arrested without a warrant for misdemeanors (following too closely and driving while under the influence of intoxicating liquor) not committed in the presence of the arresting officer. The arrest was declared invalid because not provided for by the statutes authorizing arrest without warrant. The Court construed A.R.S. § 28–1062 as being merely a directive statute as to a part of a traffic complaint and not as setting up a new form of arrest for traffic violations separate and distinct from the law of arrest for all other misdemeanors. After the case was rendered, the Legislature amended the arrest statute A.R.S. § 13–1403 to authorize arrests such as occurred in the present case. This Court in Nixon merely stated that in the absence of a statute an arrest without a warrant could not be made for the misdemeanors charged where they were not committed in the presence of the arresting officer. We must now determine the constitutionality of a statute purporting to authorize such arrests.

For reasons that will follow, we are convinced that the defendant's arrest pursuant to A.R.S. § 13–1403(5) was not unconstitutional, nor did it violate federal or state due process requirements.

The power of arrest without warrant has been extended to include some misdemeanors not committed in the presence of the arresting officer. Singleton v. United States, 225 A.2d 315 (D.C.App.1967) involved the validity of an arrest for petit

larceny which was not committed in the presence of the arresting officer, (a "special policemen"), and for which no warrant of arrest was issued. The basis for the arrest was a statute authorizing an arrest without a warrant for the misdemeanor of petit larceny when the arresting officer has probable cause to believe that the arrested person has committed the crime of petit larceny. The "probable cause standard" was thus substituted as the basis of arrest rather than a warrant.

It has also been stated, in United States v. Grosso, 225 F.Supp. 161 (W.D.Pa., 1964) that an arrest without warrant for a misdemeanor not committed in the presence of the arresting officer is constitutional if pursuant to an arrest statute authorizing such arrests based upon probable cause. "When so based on probable cause, the arrest is legal when made * * *. As so interpreted, (the statute) clearly meets federal constitutional standards." 225 F. Supp at 170.

The defendant cites the case of Ex Parte Rhodes, 202 Ala. 68, 79 So. 462, 1 A.L.R. 568 (1918), as authority for the proposition that the present Arizona arrest statute, allowing arrests without warrant for misdemeanors not committed in the presence of the arresting officer, is unconstitutional.

We do not believe that Rhodes supports defendant's position. There are important distinctions between that case and the case at bar. The Alabama statute did not require a determination of probable cause. The court there held that the Alabama constitution prohibited an arrest without warrant upon a mere verbal charge of trespass by a citizen.

In the case at bar, an arrest under A.R. S. § 13–1403(5) requires that the arresting officer, based upon his own knowledge, have probable cause to believe that the person to be arrested has violated a provision of Title 28. The ordinance construed in Rhodes did not require that probable cause exist before an arrest. The Arizona statute in question does require that probable cause exist before an arrest.

 We specifically limit our holding to the question presented for certification. There may be some misdemeanors which would not justify such an arrest. However we are not called upon to make this distinction here. Suffice it to say here that the seriousness of the offenses charged in the case at bar more than justifies the arrest made. Based upon the facts of the present case we hold that the arrest was constitutional, and answer the certified question in the affirmative.

UDALL, C. J., and STRUCKMEYER, McFARLAND, and HAYS, JJ., concur.