562 P.2d 1370

The STATE of Arizona, Appellee,

v.

James Wardell DAVIS, Appellant.

No. 2 CA–CR 869.

Court of Appeals of Arizona,
Division 2.

Jan. 17, 1977.

Rehearing Denied Feb. 28, 1977.

Review Denied March 29, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Thomas G. Bakker, Asst. Attys. Gen., Phoenix, for appellee.

Law Offices of Erik M. O'Dowd by Bruce A. Burke, Tucson, for appellant.

## OPINION

RICHMOND, Judge.

Two questions are presented on this appeal—(1) whether appellant's motion for mistrial should have been granted because of improper prosecutorial argument, and (2) whether imposition of sentence in the absence of appellant was constitutionally infirm.

Appellant was charged with first degree burglary, was tried *in absentia* and the jury returned a guilty verdict. No question is raised on appeal concerning the propriety of proceeding with the trial in appellant's absence, and the record reflects that pursuant to Rule 9.1, Rules of Criminal Procedure, the court found that appellant had waived his right to be present. See *State v. Goldsmith*, 112 Ariz. 399, 542 P.2d 1098 (1975).

Appellant's first complaint is directed to the conduct of the prosecutor during his closing argument in taping a photograph of appellant, which had been admitted into evidence, to an empty chair at the defense table and referring to the photograph in the course of his remarks. Appellant's position, analogizing to improper prosecutorial reference to an accused's failure to testify, is that the prosecutor's conduct impermissibly called attention to appellant's absence.

Defense counsel objected during closing argument, there was a conference at the bench, and after the jury retired to consider its verdict the court permitted defense counsel to make a record on his motion for a mistrial. We find no abuse of the court's discretion in refusing to grant the motion. The jury was well aware of the fact that appellant had absented himself from trial

and had been advised by the court, prior to trial, that appellant had a right to be present and had voluntarily chosen not to do so. The jury panel was asked if any member felt that he could not determine appellant's guilt or innocence in his absence. At the conclusion of the trial, the jury was instructed that the state was required to prove its case and, therefore, the defendant was not required to testify or appear; it also was admonished not to conclude that the defendant was likely to be guilty because he did not testify or appear.

■ Prosecutorial comment on a defendant's failure to testify is objectionable if such reference is calculated or intended to direct the jury's attention to the defendant's failure to testify. *State v. Thornton,* 26 Ariz.App. 472, 549 P.2d 252 (1976). The trial court apparently concluded that the prosecutor's conduct did not focus the jury's attention on appellant's failure to testify (by failing to appear) and we cannot say that the record refutes this conclusion.

After the jury was dismissed, the court ordered defense counsel to make efforts to contact appellant and ordered the prosecutor to contact the appropriate authorities to make sure they were aware that a warrant had been issued for appellant's arrest and to give them whatever information might assist them in serving the warrant. Sentencing was set for a date approximately one month later. At sentencing, the court indicated that the bench warrant issued for appellant's arrest had not been served and that defense counsel's attempts to locate appellant had been unsuccessful. Based on the jury verdict, the court found appellant guilty of first degree burglary and sentenced him to one to three years in the state prison. Defense counsel was advised of appellant's right to appeal and in fact the court cautioned him that a notice of appeal should be filed.

■ Appellant now contends that sentencing him *in absentia* was contrary to the due process clause of the Fourteenth Amendment to the United States Constitution and therefore the sentence is void.

Rule 26.9, Rules of Criminal Procedure, provides:

"The defendant is entitled to be present at a pre-sentencing hearing and shall be present at sentencing. However, failure of the defendant to appear for sentencing shall not delay the pronouncement and entry of judgment and sentence. The time for filing a notice of appeal shall run from the original entry of judgment and sentence."

Rule 9.1, Rules of Criminal Procedure, provides in part that ". . . a defendant may waive his right to be present at any proceeding by voluntarily absenting himself from it." In *State v. Goldsmith,* supra, appellant was both tried and sentenced *in absentia* and both the judgment and sentence were affirmed. Our Supreme Court held that when the defendant had notice of the proceeding, his right to be present at it, and a warning that it would go forward in his absence should he fail to appear, the trial judge did not abuse his discretion in finding that Goldsmith's absence was voluntary and in proceeding in his absence.

Other courts which have considered the question of *in absentia* sentencing have held that a defendant's voluntary absence from sentencing constitutes a waiver of the right to be present. *People v. White,* 18 Cal. App.3d 44, 95 Cal.Rptr. 576 (1971); *State v. Kelly,* 213 Kan. 237, 515 P.2d 1030 (1973); *People v. Connors,* 413 Ill. 386, 108 N.E.2d 774 (1952); *Byrd v. Ricketts,* 233 Ga. 779, 213 S.E.2d 610 (1975). But see contra: *State v. Fedder,* 1 Utah 2d 117, 262 P.2d 753 (1953); *State v. Stockton,* 13 N.C.App. 287, 185 S.E.2d 459 (1971); *State v. Utecht,* 228 Minn. 44, 36 N.W.2d 126 (1949).

We do not agree with appellant that his sentence is void and decline to invalidate it. The following statement in *State v. Kelly,* supra, is apropos:

"We view the requirement of the defendant's presence at the time of sentence as being for the benefit of both the state and the defendant. On the one hand, it ensures that the sentence may be executed, and on the other that the defend-

ant has the benefit of an allocution. While the statute is 'mandatory' in the sense that either party may demand compliance, it is no more jurisdictional than the many other constitutional and statutory mandates which may be waived by a party for whose benefit they were fashioned. Whatever rights Kelly may have had were effectively waived by his deliberately chosen course of action."
515 P.2d at 1035.

We agree with appellant that his presence was important so as to give him an opportunity to give any reason why he felt the sentence should not be pronounced against him and why he should have leniency. *State v. Davis,* 105 Ariz. 498, 467 P.2d 743 (1970). However, just as his right to be present at his trial was a matter of due process which could be waived by his voluntary absence, *State v. Goldsmith,* supra, we hold that his right to be present at the time sentence was pronounced was waived by his voluntary absence.

The judgment and sentence are affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.