639 P.2d 382

The STATE of Arizona, Appellee,

v.

Guy R. THIBEAULT and Teresa Lynn
Thibeault, Appellants.

No. 2 CA–CR 2401.

Court of Appeals of Arizona,
Division 2.

Dec. 21, 1981.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Cole & O'Neil by Mark A. Higgins, Casa Grande, for appellants.

## OPINION

HOWARD, Judge.

Appellants were tried, in absentia, by a jury which found Teresa Thibeault guilty of sale of marijuana, possession of narcotics and possession of marijuana for sale. Guy Thibeault was found guilty of sale of narcotics, possession of narcotics and possession of marijuana for sale. They were both sentenced, in absentia, to imprisonment.

■ Appellants were found by the trial court to be voluntarily absent. No evidence was presented on their behalf and the record overwhelmingly demonstrates their guilt beyond a reasonable doubt. Appellants present several issues for review. They contend reversible error occurred when the prosecutor elicited testimony that a kit used by cocaine users was found in their home. Since cocaine was not one of the drugs involved in the charges for which they were standing trial, they contend the trial court erred in not granting a motion for a mistrial. We do not agree. The trial court instructed the jury to disregard the testimony and considering the state of the evidence, any error was harmless beyond a reasonable doubt.

■ Their next contention is that the trial court erred when it refused to grant a mistrial because the prosecutor mentioned that appellants were absent. We do not agree. Since their absence was obvious, there was no error. *State v. Davis*, 115 Ariz. 3, 562 P.2d 1370 (1977).

■ William Daily, an officer with the Department of Public Safety, made the purchases of the drugs from appellants. After he did so, a search warrant was executed and he returned with the officers who conducted the search. Guy Thibeault was there when the warrant was executed. Guy was taken down to the police station and Daily was present when he and Teresa were booked. After the booking, they all sat around a table together. Appellants were then taken to a separate room where their pictures were taken. The day prior to the trial, Daily was shown appellants' photographs. He was not shown any other photographs and he expected to be shown pictures of appellants.

At trial the state offered these photographs into evidence after they had been identified by Daily as being photographs of Guy and Teresa Thibeault, the persons who sold him the narcotics, who were booked, and who were present at the table with him. Appellants' counsel objected to this offer on the ground that the method of showing the photos to Daily was unduly suggestive. See *State v. Dessureault*, 104 Ariz. 380, 453 P.2d 951 (1969). The trial court overruled their objection. Assuming arguendo the applicability of *Dessureault*, we find that the photographs were admissible. Daily was asked on voir dire by the defense attorney whether he would have been able to make the identification of the individuals had the identification procedures been in a photographic lineup setting. He replied in the affirmative and gave reasons for his being able to do so. Included in his reasons was the fact that he had talked to them directly and that his contact with them was longer than in most cases.

The trial court then asked Daily the following questions and he gave the following answers:

"THE COURT: Mr. Daily, ... I guess this is the gist of the case, whether it falls or rises or drops dead on these photographs, is it your honest testimony, sir, that you have a clear recollection of what those two people looked like on October 22? [the day of their arrest]

THE WITNESS: Yes, sir, I do.

THE COURT: If you in fact were shown a series of photographs, you feel you could have picked them out from a photographic line-up?

THE WITNESS: Yes, I could have.

THE COURT: And these photographs bring back a clear recollection of what they looked like to you on October 22nd?

THE WITNESS: Yes, sir."

The record clearly supports admissibility.

▮▮ Appellants also contend the trial court erred in permitting the state, over appellants' objection, to use the booking photographs because they were not disclosed to defense counsel prior to trial. We do not agree. Imposition of sanctions upon the prosecutor for failure to disclose evidence is committed to the discretion of the trial court. *State v. Ramirez*, 116 Ariz. 259, 569 P.2d 201 (1977). Until the trial actually began, the prosecutor did not know for certain that defendants were not going to appear. In any event, appellants have not demonstrated how they were prejudiced by the nondisclosure. Defense counsel, knowing his clients would not appear, should have anticipated the use of the booking photographs to identify them. Absent a showing of prejudice to appellants, we shall not find a trial court's refusal to impose sanctions to amount to an abuse of discretion. *State v. Ramirez*, supra.

▮ Appellants assert that the state failed to prove that they were the same persons who were arraigned. This argument is totally devoid of merit. The state has to prove beyond a reasonable doubt that the defendant committed the crime, but it need not prove that the person who was arraigned on the charges is the same person present at trial. Suppose the defendant is actually present for trial. Does the state have to call a witness, such as the court clerk, and prove that the defendant is the same person who was arraigned? We think not. The arraignment is a separate proceeding, and if defendant claims he was not the person arraigned, then the burden is on him to prove it.

▮ Appellants argue that sentencing in absentia violates their due process rights under the Fourteenth Amendment to the United States Constitution. We held to the contrary in *State v. Davis*, supra. They contend that the pretrial warnings were not sufficient because although they were warned that they could be tried in absentia, they were not warned that they could be sentenced in absentia. We do not agree. They were warned not only that the trial would proceed without them, but also that other proceedings would be set by the court and that if they did not appear, the proceeding would begin without them.

Lastly, appellants contend the drug laws of which they were convicted were not in effect at the time of their alleged violations. We do not agree. See *State v. Superior Court of County In and For Pima*, 128 Ariz. 535, 627 P.2d 686 (1981).

Affirmed.

HATHAWAY, C. J., and BIRDSALL, J., concur.