666 P.2d 489

**The STATE of Arizona, Appellee,**

v.

**Juan Claudio ZAVALA, Appellant.**

**No. 2 CA–CR 2706.**

Court of Appeals of Arizona,
Division 2.

Dec. 2, 1982.

Rehearing Denied Jan. 19, 1983.

---

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Robertson & Villarreal by Michael A. Villarreal, Florence, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant was convicted by a jury of two counts of aggravated assault (upon police officers), driving while under the influence and resisting arrest. He was sentenced to concurrent prison terms of one and one-half years each on the felony counts and time served (sixteen days) for driving while under the influence.

Appellant was tried and sentenced in absentia. The evidence adduced at trial shows the following. At noon on September 27, 1981, Officer Dan Slade of the Department of Public Safety was on duty in his mobile unit working radar in the area of Picacho Peak on I–10. A trucker stopped and told him about a white pickup truck which was parked in the emergency parking lane about one-half mile away. When Officer Slade went there he saw the truck. It had not been there when Officer Slade had passed a short time before. When Officer Slade approached the vehicle, he noticed that appellant was behind the steering wheel, partially hanging out of the window with vomit on his shirt. He looked in the car and saw that there was a can of beer between appellant's legs and the keys were in the ignition. Officer Slade shook the driver but was unable to awaken him. He took the can of beer from between appellant's legs and found that the can was still cool. He then got an ammonia inhalant from his patrol car and placing it under appellant's nose he was able to revive him. When appellant regained consciousness he started swinging his arms and told the officer to get away. Officer Slade who was dressed in his uniform and was wearing his badge identified himself as a police officer and told appellant he wanted to talk to him. Officer Slade went around to the passenger side of the vehicle, opened the door and tried to talk appellant into getting out of the vehicle. Appellant continued to swing at Slade and refused to get out.

Officer Slade reached for the keys and as he took them out of the ignition appellant hit him in the arm, grabbed his badge and ripped it off his shirt. Officer Slade was attempting to get appellant out of the truck when Officer Jeffrey Resler, another uniformed patrolman, arrived. Both officers, after attempting to pry appellant's fingers from the steering wheel, were finally able to pull him out of the vehicle. Appellant was handcuffed and advised of his rights. While on the way to Officer Slade's vehicle, appellant kicked Officer Slade in the groin and the leg and kicked Officer Resler twice on the leg and once on the forearm.

When the tow truck arrived at the scene to remove appellant's vehicle from the emergency lane, he again became violent and kicked the radar equipment inside the vehicle, breaking it lose from its mounting. He was taken to the Eloy Police Department where he still continued to be hostile and refused to take a breathalyzer. Both officers testified that he was intoxicated.

Appellant contends the trial court erred in (1) trying and sentencing him in absentia; (2) refusing to instruct the jury on the issue of intoxication as a defense; (3) failing to grant a mistrial or a new trial because of improper remarks by the prosecutor in his summation; and (4) failing to direct a verdict on the charge of driving while under the influence. We affirm.

█ The defendant in a criminal case has the right to be present in the courtroom at all critical stages of the trial proceedings, *State v. Bohn,* 116 Ariz. 500, 570 P.2d 187 (1977); but this right may be waived if he voluntarily absents himself, *State v. Tudgay,* 128 Ariz. 1, 623 P.2d 360 (1981). Rule 9.1, Arizona Rules of Criminal Procedure, 17 A.R.S., provides that the court may find that the defendant's absence is voluntary if the defendant had (1) personal notice of the time of the proceeding, (2) his right to be present at it, and (3) a warning that the proceeding would go forward in his absence should he fail to appear. When appellant was released on his own recognizance the superior court judge told him:

> "The Court would like to advise you that you have a right to be present at the various stages of the proceedings, specifically the trial, and that all proceedings including the trial will go forward in your absence. And should you fail to appear for the trial, you could be tried, convicted, and sentenced if you do not appear in Court. You should keep your attorney advised at all times of your whereabouts in case there is a change of the trial date or in case he needs to contact you for some reason. If you fail to appear for the trial, a warrant will be issued for your arrest."

The trial was set for a jury on December 22, 1981. On December 18, 1981, counsel for appellant filed a motion to continue and the trial was continued to January 19, 1982. The matter was later set for a change of plea hearing on January 11, 1982, and the trial date of January 19 was vacated. Appellant did not appear at the change of plea hearing because he was in custody in Oro Valley, Arizona. The change of plea hearing was continued to January 18 and then to February 1 and then to February 9 on motions by defense counsel.

On February 9, 1982, appellant failed to appear for the change of plea hearing. Counsel for appellant advised the court that he had sent a letter to appellant informing him of the hearing date. He also told the court that appellant had called him from jail prior to February 4 and told him that he had been receiving the letters his counsel had sent him. The trial court ordered a bench warrant to be issued for appellant's arrest, and set the trial in the matter for March 2, 1982.

On March 2 appellant again failed to appear. The prosecutor requested the court to try appellant in absentia and counsel for appellant objected on the ground that, to his knowledge, appellant was not aware of the trial date of March 2, 1982. Defense counsel informed the court that the last contact he had with appellant was approximately January 15 at which time appellant was aware of the change of plea hearing date of January 18 at which he had failed to appear.

The trial court found appellant had voluntarily absented himself from the proceeding and granted the state's motion to try him in absentia. We agree that the trial court acted properly.

█ Prior to February 4, 1982, appellant had acknowledged to his counsel that he had been receiving the letters that his counsel had sent to him. Assuming for the sake of argument that the letter informing appellant of the new trial date of March 2 had not been received by appellant, it was still appellant's duty under the conditions of his release to maintain contact with the court

and/or his attorney as to the trial date and any changes in that date. *State v. Tudgay,* supra, *State v. Rice,* 116 Ariz. 182, 568 P.2d 1080 (App.1977). The record shows that appellant failed to abide by the pretrial release conditions. Appellant not only failed to appear at the trial but failed to appear at the sentencing. The trial court did not err in proceeding in absentia.

■■■■ The trial court gave the following instructions, among others, to the jury:

"No unnecessary or unreasonable force shall be used in the making of an arrest, and the person arrested shall not be subjected to any greater restraint than necessary for his detention.

The threat or use of physical force against another is not justified to resist an arrest that the person knows or should know is being made by a peace officer or by a person acting in a peace officer's presence and at his direction, whether the arrest is lawful or unlawful, unless the physical force used by the peace officer exceeds that allowed by law."

Appellant contends the trial court erred in failing to give his instruction 11A. We do not agree since 11A was covered by the instructions which we have previously quoted. Appellant also contends that the trial court erred in failing to give his instruction No. 12 which stated: "If you decide that the defendant's conduct was justified, you must find the defendant not guilty." He also contends that, in addition, the trial court erred in refusing his instructions Nos. 13, 14 and 16 which dealt with the issue of self defense. We hold that the trial court did not err in failing to give these instructions since there was no evidence of justification and no evidence of excessive force. Appellant's contention that the court erred in failing to give his instruction No. 15 is without merit since he withdrew that instruction.

During closing argument the prosecutor stated:

"In closing, Mr. Villarreal will now talk to you about Mr. Zavala's side of the story. Mr. Villarreal is a good attorney and he is representing Mr. Zavala. It is

as if Mr. Zavala were here telling you what Mr. Villarreal is going to tell you. It's not that Mr. Villarreal is telling you what he would tell you if it was him that was making the decisions, but it is Mr. Zavala who he has to represent."

After the arguments, appellant moved for mistrial on the basis of the above argument. At that time his ground for mistrial was that the remark unduly brought to the jury's attention the fact that appellant was not present at the trial. On appeal he now contends that the argument constituted a comment on his failure to testify. In *State v. Davis,* 115 Ariz. 3, 562 P.2d 1370 (App. 1977) we held that the trial court did not err in refusing to grant a motion for a mistrial in a case in which the appellant was tried in absentia and in which the prosecutor, during his closing argument taped a photograph of the appellant to an empty chair and referred to the photograph in the course of his remarks. We stated there that the jury was well aware of the fact that appellant had absented himself from the trial and pointed out, inter alia, that the jury was instructed that the state was required to prove its case and therefore the defendant was not required to testify or appear and was further admonished against concluding that the defendant was likely to be guilty because he did not testify or appear. Here, the trial court would have further instructed the jury but defense counsel would not allow it to do so. Furthermore, the remarks made by the prosecutor here were not in the least comparable to the conduct of the prosecutor in *Davis.*

■■■■ As far as the argument being a prosecutorial comment on the defendant's failure to testify, the law is that such comment is objectionable if such reference is calculated or intended to direct the jury's attention to the defendant's failure to testify. *State v. Davis,* supra. It is clear here that neither counsel nor the court took the prosecutor's argument as being so calculated or intended since the basis for the motion for mistrial and the dialogue between the court and counsel at the time of the motion centered around the comment being

one which pointed out that the defendant was not present at the trial. We believe, as the trial court must have believed, that the argument was nothing more than a statement by the prosecutor that the jury should listen to the argument of Mr. Villarreal and consider it as if Mr. Zavala had actually been present at the trial and not to allow Mr. Zavala's absence to detract from Mr. Villarreal's argument.

Appellant's last contention is that there was insufficient evidence to prove that he was driving or in control of the automobile. We do not agree. A.R.S. § 28-692(A) makes it unlawful for a person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within the state. Appellant and his vehicle were on a controlled access highway. He was behind the wheel, the keys were in the ignition, and he was intoxicated. The car had not been there shortly before when Officer Slade had previously passed. The only explanation as to how it got there is that appellant drove it there before he passed out. There is, therefore, circumstantial evidence that he drove the vehicle on the highway in violation of the statute. Furthermore, it is also clear that he was in actual physical control of the automobile. In *State v. Webb,* 78 Ariz. 8, 274 P.2d 338 (1954) the court held the defendant was in actual physical control of an automobile when he was passed out behind the wheel and the motor was running. We do not believe it necessary for the motor to be running in order for one to be in actual physical control of a vehicle within the meaning of the statute. We agree with Oklahoma decisions which hold that an intoxicated person seated behind the steering wheel of a car, asleep or passed out, with the keys in the ignition, is a threat to the safety and welfare of the public. He placed himself behind the wheel of the vehicle and could have at any time started the automobile and driven away. See *Mason v. State,* 603 P.2d 1146 (Okl.Cr.App.1979); *Hughes v. State,* 535 P.2d 1023 (Okl.Cr.App.1975).

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.