666 P.2d 456

STATE of Arizona, Appellee,

v.

Juan Claudio ZAVALA, Appellant.

No. 5802–PR.

Supreme Court of Arizona,
In Banc.

June 7, 1983.

Rehearing Denied July 12, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Robertson & Villarreal by Michael A. Villarreal, Florence, for appellant.

CAMERON, Justice.

The defendant was convicted of two counts of aggravated assault on a police officer, A.R.S. § 13–1204(A)(5), resisting arrest, A.R.S. § 13–2508(A) and driving under the influence of intoxicating liquor, A.R.S. § 28–692(A). His convictions were affirmed by the Court of Appeals, Division Two, *State v. Zavala*, 136 Ariz. 389, 666 P.2d 489 (1982). We accepted his petition for review pursuant to A.R.S. § 12–120.24 and Ariz. Const. art. 6 § 5(3) to consider only whether the defendant was properly convicted of driving while under the influence of intoxicating liquor pursuant to A.R.S. § 28–692(A).

The essential facts of this case are the following. A DPS patrolman was alerted to the presence of a pickup truck in the emergency or parking lane off the traveled portion of Interstate Highway 10 near Picacho Peak. The officer arrived at the location, which he had passed some twenty minutes earlier, to discover the defendant hanging partially from the window on the driver's side of the truck. The defendant was unconscious, and the appearance of his mouth and the front of his shirt indicated that he had recently vomited. The officer noted the strong odor of alcoholic beverage on the defendant and in the truck. The key to the ignition was in the off position, and the truck's motor was not running. The hood of the truck was warm, but it was September at noontime.

The officer tried to rouse the defendant by shaking him, to no avail. The officer then administered an ammonia inhalant and more shaking until the defendant regained consciousness. The patrolman then indicated that he was a police officer and wished to speak to the defendant. The defendant responded by swinging his arms and saying "get away." The officer then moved to the passenger side of the truck as the defendant watched. The officer opened the passenger door and told the defendant to get out of the truck. The defendant continued to swing his arms and say "get away." The officer then reached for the ignition key and succeeded in removing the keys from the car while the defendant continued to swing at him. The defendant seized the patrolman's uniform badge and ripped it from his shirt, and then the defendant swung at the officer with the badge.

At about this time the patrolman stated that the defendant was under arrest for driving while intoxicated. The officer then grabbed the defendant's right hand and attempted to pull him from the truck out the passenger door. The defendant seized the steering wheel with his left hand to resist the pulling. A second officer arrived at the scene to assist, and the defendant was wrestled from the truck to the ground, the officer landing atop the defendant. The defendant was given his *Miranda* warnings and handcuffed. The defendant swore at the officers, and resisted being put in the patrol car by dragging his feet. Just before he was put in the patrol car he turned and kicked the second officer twice in the left leg.

As the defendant was being pushed into the patrol car seat, he kicked the second officer in the right forearm, and kicked the first officer in the leg and groin. After the defendant was seated, on several occasions he spat on the first officer, who transported him to Eloy. On the way to Eloy, the defendant kicked at the police scanner, breaking it loose from the bolt holding it in place.

The defendant was charged with two counts of aggravated assault, A.R.S. § 13–1204(A)(5), resisting arrest, A.R.S. § 13–2508(A), and driving under the influence of intoxicating liquor, A.R.S. § 28–692(A). The defendant was tried and convicted on all charges in absentia, though he was present at his arraignment on 13 October 1981, at which time he was given adequate notice of the time of trial and warned that

trial would proceed without him if he failed to appear.

■ The trial court sentenced the defendant in absentia on 12 April 1982. The defendant was thereafter arrested on a bench warrant and appeared before the court for resentencing on 20 September 1982.[1] The court sentenced the defendant to one and one-half years imprisonment on each of the first three counts, to be served concurrently, and to time previously served on the driving under the influence of intoxicants conviction. The defendant now appeals.

### DRIVING

■ A.R.S. § 28–692(A) states:

"It is unlawful and punishable as provided in § 28–692.01 for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within this state."

The statute describes a single offense that may be committed in either of two ways. The first manner of violating the statute is by driving while intoxicated. The legislature has not defined driving, but we have previously said that driving entails some motion of the vehicle in which the offender is apprehended. *See State v. Webb*, 78 Ariz. 8, 10, 274 P.2d 338, 339 (1954). In the instant case, there is no dispute that the defendant's truck was motionless at the point at which the first officer encountered it. There was no "driving under the influence" in the presence of the officer.

While there was probable cause for the officer to make an arrest, *see Erickson v. City Court of City of Phoenix*, 105 Ariz. 19, 458 P.2d 953 (1969); *cf. Barrett v. Thorneycroft*, 119 Ariz. 389, 391–92, 581 P.2d 234, 236–37 (1978) (location of car off highway, position of driver slumped over steering wheel, and keys in ignition provide reasonable grounds to require "breathalyzer" test), the evidence was insufficient to convict the defendant under this portion of the statute. The defendant may not be convicted of the crime of driving while intoxicated pursuant to that portion of A.R.S. § 28–692(A). *See Thomas v. State*, 277 Md. 314, 353 A.2d 256 (1976).

### ACTUAL PHYSICAL CONTROL

The statute also makes it a crime to be in "actual physical control" of a vehicle while under the influence of intoxicating liquor, regardless of whether or not the defendant is driving the vehicle. Our legislature has not defined "actual physical control," but we have stated that by adding this phrase "the legislature intended the law should apply to persons having control of a vehicle while not actually driving it or having it in motion." *State v. Webb*, supra, 78 Ariz. at 10, 274 P.2d at 339.

In *Webb*, supra, the defendant was discovered with head and hands on the steering wheel, intoxicated and unconscious or sleeping, with the motor of his truck still running and his vehicle blocking a traffic lane. We held the defendant was in actual physical control of the truck.

While at the precise moment defendant was apprehended he may have been exercising no conscious volition with regard to the vehicle, still there is a legitimate inference to be drawn that defendant had of his own choice placed himself behind the wheel thereof, and had either started the motor or permitted it to run. *Webb*, supra, 78 Ariz. at 11, 274 P.2d at 340.

The *Webb* court focused on two circumstances present at the time of the arrest: the running of the truck's engine, and the position of the truck in a lane of traffic. In the instant case, neither of these circumstances are present. The defendant's truck ignition was off; thus the engine was not running. Also, in contrast to the position of the vehicle in *Webb*, the defendant's truck in the instant case was entirely in the emergency lane of the highway. We find that while the defendant remained behind the wheel of the truck, the pulling off to

---

1. See *State v. Fettis*, 136 Ariz. 58, 664 P.2d 208 (1983), in which we disapproved of sentencing in absentia except in exceptional circumstances. The trial court acted properly in this case in resentencing after the defendant was before the court.

the side of the road and turning off the ignition indicate that defendant voluntarily ceased to exercise control over the vehicle prior to losing consciousness.

■ Admittedly, state courts are not in complete agreement as to the definitions of "actual physical control," *see, e.g., Key v. Town of Kinsey,* 424 So.2d 701, 704 (Ala.Cr. App.1982); *McGuire v. City of Seattle,* 31 Wash.App. 438, 442, 642 P.2d 765, 768 (1982); *City of Cincinnati v. Kelley,* 47 Ohio St.2d 94, 97–98, 351 N.E.2d 85, 87–88 (1976), cert. denied 429 U.S. 1104, 97 S.Ct. 1131, 51 L.Ed.2d 554 (1977); *State v. Ruona,* 133 Mont. 243, 247–48, 321 P.2d 615, 618 (1958). We agree, however, with the Utah Supreme Court that the element of actual physical control is shown where a defendant has "the apparent ability to start and move the vehicle," distinguishing this circumstance from the situation where a defendant is "physically unable to start the car, as would be the case with an unconscious or sleeping motorist." *Garcia v. Schwendiman,* 645 P.2d 651, 654, 654 n. 3 (Utah 1982); *cf., State v. Bugger,* 25 Utah 2d 404, 483 P.2d 442 (1971) (sleeping defendant found off travelled portion of highway with non-running engine not in actual physical control).

■ In the instant case the defendant was not in "control of a vehicle while not actually driving it or having it in motion" as contemplated in *State v. Webb,* supra, and defendant may not be convicted of being "in actual physical control" pursuant to the statute. The interpretation we place on the legislature's imprecise language is compelled by our belief that it is reasonable to allow a driver, when he believes his driving is impaired, to pull completely off the highway, turn the key off and sleep until he is sober, without fear of being arrested for being in control. To hold otherwise might encourage a drunk driver, apprehensive about being arrested, to attempt to reach his destination while endangering others on the highway. In any event, we do not believe that the facts of this case bring the defendant's conduct within the provision of § 28–692(A). Nothing we say here should indicate that the officers acted improperly

in removing the defendant from the cab of the truck. Indeed, they would have been derelict in their duty had they not done so under these circumstances.

As to the other points raised on appeal by the defendant, we agree with the disposition by the Court of Appeals of these issues.

That portion of the opinion of the Court of Appeals affirming the defendant's conviction for violation of A.R.S. § 28–692(A) is vacated. The defendant's other convictions and sentences for aggravated assault and resisting arrest are affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and FELDMAN, J., concur.

HAYS, Justice, dissenting.

I dissent and echo the words of the Court of Appeals:

"Appellant's last contention is that there was insufficient evidence to prove that he was driving or in control of the automobile. We do not agree. A.R.S. § 28–692(A) makes it unlawful for a person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within the state. Appellant and his vehicle were on a controlled access highway. He was behind the wheel, the keys were in the ignition, and he was intoxicated. The car had not been there shortly before when Officer Slade had previously passed. The only explanation as to how it got there is that appellant drove it there before he passed out. There is, therefore, circumstantial evidence that he drove the vehicle on the highway in violation of the statute. Furthermore, it is also clear that he was in actual physical control of the automobile. In *State v. Webb,* 78 Ariz. 8, 274 P.2d 338 (1954) the court held the defendant was in actual physical control of an automobile when he was passed out behind the wheel and the motor was running. We do not believe it necessary for the motor to be running in order for one to be in actual physical control of a vehicle within the meaning of the statute. We agree with Oklahoma decisions which

hold that an intoxicated person seated behind the steering wheel of a car, asleep or passed out, with the keys in the ignition, is a threat to the safety and welfare of the public. He placed himself behind the wheel of the vehicle and could have at any time started the automobile and driven away. See *Mason v. State,* 603 P.2d 1146 (Okl.Cr.App.1979); *Hughes v. State,* 535 P.2d 1023 (Okl.Cr.App.1975)."

I agree with the majority opinion on the other issues in the case.