898 P.2d 474

**STATE of Arizona, ex rel. Dennis M. O'NEILL, Chandler City Attorney, Petitioner,**

v.

**Honorable I. Sylvan BROWN, Judge, Maricopa County Superior Court, State of Arizona, Respondent Judge,**

**Pascual Francisco JUAN–PASCUAL, Real Party in Interest.**

**STATE of Arizona, ex rel. Dennis M. O'NEILL, Chandler City Attorney, Petitioner,**

v.

**Honorable William J. PEARLMAN, Judge, Chandler City Court, Maricopa County, State of Arizona, Respondent Judge,**

**Pascual Francisco JUAN–PASCUAL, Real Party in Interest.**

Nos. CV–94–0235–PR, CV–94–0149–PR.

Supreme Court of Arizona, En Banc.

June 27, 1995.

Dennis M. O'Neill, Chandler City Atty. by Catherine K. Weidman, Asst. City Atty., Chandler, for City of Chandler.

Hirsch & Saltsman by Steve B. Koestner, Apache Junction, for Juan–Pascual.

## OPINION

MARTONE, Justice.

The question presented in this case is whether a charge of driving under the influence or with an alcohol concentration of .10 or more in violation of A.R.S. § 28–692(A) may be proven by circumstantial evidence.

## I. INTRODUCTION

On September 13, 1992, two Chandler police officers traveling in separate vehicles noticed a cloud of dust coming from a field near Alma School Road. They stopped to investigate and found a car buried up to its axles in freshly plowed dirt. Juan–Pascual was seated behind the steering wheel holding the keys in his hand. The engine was off but the hood of the car was extremely warm. Tire marks indicated that the car had jumped the curb and entered the field. There were no footprints leading to or from the car. Juan–Pascual was conscious, but appeared to be under the influence of alcohol. Both he and his car smelled of alcohol. He could not stand or walk without assistance. Juan–Pascual admitted that he had drunk twelve beers and had driven the car into the field. The police arrested him for driving under the influence. He had a .27 blood alcohol reading.

Juan–Pascual was charged with driving or being in actual physical control of a vehicle while under the influence of alcohol in violation of A.R.S. § 28–692(A)(1) and having a blood alcohol concentration of .10 or more in violation of § 28–692(A)(2). Relying on *State v. Zavala,* 136 Ariz. 356, 666 P.2d 456 (1983), he moved to dismiss both charges. He argued that he was not in "actual physical control" because he had removed himself from the road and turned the ignition off. He also argued that the state could not sustain a "driving" charge because the police had not seen him drive his car into the field.

The Chandler City Court dismissed the "actual physical control" allegation, because it thought *Zavala* had been satisfied. The court, however, found him guilty of "driving" under subsections (A)(1) and (A)(2).

Juan–Pascual appealed to the superior court from his "driving" conviction. The state failed to cross-appeal from the city court's dismissal of the "actual physical control" component of the charge. Believing that *Zavala* stood for the proposition that a "driving" charge cannot be proven by circumstantial evidence, the superior court reversed.

The state sought special action relief in the court of appeals from both the superior court's reversal of the "driving" conviction, and the city court's dismissal of the "actual physical control" allegation. The court of appeals declined to accept jurisdiction. We

granted review to resolve the controversy that exists between *Zavala* and the use of circumstantial evidence to prove a "driving" charge.[1]

## II. ANALYSIS

■ A.R.S. § 28–692(A) makes it unlawful for any person to "drive or be in actual physical control of any vehicle" while under the influence of intoxicating liquor or drugs or with an alcohol concentration of .10 or more. The statute describes two offenses, each of which may be committed in two separate ways. The "driving" portion of the statute applies only to persons who put a vehicle in motion. *See State v. Webb,* 78 Ariz. 8, 10, 274 P.2d 338, 340 (1954). The "actual physical control" portion is broader, and applies to persons having control of a vehicle without actually driving it or putting it in motion. *Id.*

Were it not for the opinion in *State v. Zavala,* 136 Ariz. 356, 666 P.2d 456 (1983), there would be no question that the "driving" portion of the statute could be proven with circumstantial evidence. The law makes no distinction between circumstantial and direct evidence. *State v. Stuard,* 176 Ariz. 589, 603, 863 P.2d 881, 895 (1993). It would seem anomalous that a murder conviction could rest entirely on circumstantial evidence, but a driving under the influence conviction could not. *See State v. Green,* 111 Ariz. 444, 532 P.2d 506 (1975); *State v. Carriger,* 123 Ariz. 335, 599 P.2d 788 (1979), *cert. denied,* 444 U.S. 1049, 100 S.Ct. 741, 62 L.Ed.2d 736 (1980). But Juan–Pascual argues that *Zavala* did in fact create a rule requiring the state to prove "driving" by direct evidence.

In *Zavala,* a police officer found Zavala hanging partially outside the driver's window unconscious and intoxicated. The car was pulled entirely into the emergency lane and the engine was off. The car had been there less than twenty minutes. On appeal from his conviction, this court considered both the "driving" component and the "actual physical control" component of the charge. In addressing the "driving" component, the court noted that Zavala's truck was motionless at the point at which the police encountered it and thus "[t]here was no 'driving under the influence' in the presence of the officer." 136 Ariz. at 358, 666 P.2d at 458. The court thus concluded that the evidence was "insufficient" to convict the defendant under this portion of the statute.

■ Juan–Pascual argues from this that driving under the influence can only be proven by direct evidence. But that is not what *Zavala* said. While the court's analysis on the point is sparse, we read this portion of *Zavala* to mean that there was insufficient other evidence in the case to support a driving charge. It did not hold that in other cases with other relevant evidence, a driving charge could not be supported. Indeed, there is no mention of circumstantial or direct evidence in this portion of *Zavala.* We hold that "driving" while intoxicated or with a blood alcohol concentration of .10 or more may be proven by circumstantial evidence.[2]

Juan–Pascual argues that allowing proof of a driving charge with circumstantial evidence cuts against the policy in *Zavala* that "it is reasonable to allow a driver, when he believes his driving is impaired, to pull completely off the highway, turn the key off and sleep until he is sober, without fear of being arrested for *being in control.*" 136 Ariz. at 359, 666 P.2d at 459 (emphasis added). He argues that if the state is allowed to prove driving circumstantially there will be no incentive to pull off the road and stop driving. But *Zavala* was never meant to insulate a drunk driver from a driving charge. Insula-

1. Because the state failed to cross-appeal to the superior court from the city court's dismissal of the "actual physical control" allegation, we now dismiss review of that issue as having been improvidently granted. We note, though, that it was probable error for the city court to have dismissed the actual physical control allegation under *Zavala.* See *State v. Love,* 182 Ariz. 324, 897 P.2d 626 (1995).

2. While this case was treated as a circumstantial evidence case below, we note that Juan–Pascual told Sgt. Brugman that he had driven the car into the field. His admission is direct evidence, not circumstantial evidence. *State v. Maynard,* 101 Ariz. 239, 240, 418 P.2d 576, 577 (1966). But we hold that circumstantial evidence can support a driving charge without such an admission or other direct evidence.

tion from a charge of being in actual physical control was its express purpose. In a case in which there is adequate evidence of driving, such a person is and ought to be vulnerable to a driving charge. In short, *Zavala* was a small incentive (to the extent that it may insulate one from an actual physical control charge), but it was never intended to be the bonus Juan–Pascual seeks to make it.

## III. CONCLUSION

The order of the superior court in CV–94–0235–PR reversing the judgment of the city court is reversed. The case is remanded to the Chandler City Court for reinstatement of the judgment against Juan–Pascual on the charges of driving under the influence of intoxicating liquor and driving with an illegal blood alcohol content in violation of A.R.S. § 28–692(A)(1) and (2). The petition for review in CV–94–0149–PR is dismissed.

FELDMAN, C.J., MOELLER, V.C.J., and CORCORAN and ZLAKET, JJ., concur.