34 P.3d 394

The STATE of Arizona, Petitioner,

v.

Hon. Frank DAWLEY, Judge Pro Tempore of the Superior Court of the State of Arizona, in and for the County of Pima, Respondent,

and

Frank Barraza, Real Party in Interest.

No. 2CA–SA 01–0078.

Court of Appeals of Arizona, Division Two, Department A.

Nov. 15, 2001.

Review Denied Feb. 12, 2002.

Barbara LaWall, Pima County Attorney, By Michelle C. Araneta and Elizabeth Hurley, Tucson, for Petitioner.

Susan A. Kettlewell, Pima County Public Defender, By Dean J. Brault, Tucson, for Real Party in Interest.

## OPINION

BRAMMER, Presiding Judge.

¶ 1 Real party in interest Frank Barraza is facing a second trial for the offenses of aggravated driving or actual physical control of a vehicle while under the influence of an intoxicant (DUI) and aggravated driving or

actual physical control of a vehicle with a blood alcohol concentration (BAC) of .10 or greater within two hours of driving or being in actual physical control of the vehicle. At Barraza's first trial, the respondent judge gave the following two jury instructions on the issue of "actual physical control":

"Actual physical control" means that a person has the apparent ability to start and move a vehicle. It is not necessary that the motor vehicle be in motion.

In determining actual physical control, consider all the surrounding circumstances.

(hereafter "instruction one"), and:

Actual physical control does not require proof that a person intended to drive or that the vehicle was capable of operation. These are among the factors that you should consider keeping in mind that you are the judges of the facts.

(hereafter "instruction two.").

A mistrial was declared in the first trial after the jury was unable to agree on a verdict.

¶ 2 The respondent judge announced that, in the impending retrial, he will instruct the jury differently on the definition of "actual physical control" by only giving instruction one and not instruction two. The state objected to the new jury instruction[1] and sought special action relief. Because we conclude that jury instruction one, which the respondent judge intends to give, is an incorrect statement of the law, because the state has no equally plain, speedy, or adequate remedy by appeal, see A.R.S. § 13–4032, and because the question presented is one of statewide importance, we accept jurisdiction and grant relief. Ariz. R.P. Special Actions 1 and 3, 17B A.R.S.; State v. Winkler, 176 Ariz. 212, 859 P.2d 1345 (App.1993) (granting the state special action relief in the face of trial court's impending use of legally erroneous jury instruction in criminal case).

¶ 3 Section 28–1381(A), A.R.S., provides: "It is unlawful for a person to drive or be in

---

1. Barraza argues that the state waived this issue by objecting only to the respondent judge's retraction of instruction two and not to his intent to instruct the jury only on instruction one. The transcripts in the record before us, viewed in context, reflect that Barraza understood below that the state objected to jury instruction one as an improper statement of the law.

actual physical control of a vehicle in this state under any of the following circumstances ...." Both Barraza and the state agree that Barraza was found asleep behind the wheel of a car with the engine running. Barraza states that he was found at approximately 2:00 a.m. with the car's hood up and the headlights on, and the state does not contest these additional facts. Barraza presented evidence at the first trial that the car was incapable of being driven due to a mechanical problem. Thus, "actual physical control" is at the heart of this case. That phrase is not defined in Arizona's DUI statutes,[2] however, nor has it ever been. *See State v. Love,* 182 Ariz. 324, 897 P.2d 626 (1995); *State v. Zavala,* 136 Ariz. 356, 358, 666 P.2d 456, 458 (1983).[3]

¶4 The meaning of "actual physical control" for the purposes of the DUI statutes has been the subject of a series of evolving Arizona appellate court decisions, the most recent being *Love.* In that case, our supreme court rejected a "rigid, mechanistic analysis," finding it "preferable" instead "to allow the trier of fact to consider the totality of the circumstances in determining whether [a] defendant was in actual physical control of his vehicle." 182 Ariz. at 326, 897 P.2d at 628. This was a departure from previous case law, notably *Zavala* and *State v. Webb,* 78 Ariz. 8, 11, 274 P.2d 338, 340 (1954), which had established a "bright line test" whereby a driver who had pulled off the road and turned off the engine was determined not to have been in actual physical control, a policy-based analysis designed to encourage impaired drivers to remove themselves from our state's highways. *Love,* 182 Ariz. at 327, 897 P.2d at 629. The *Love* court rejected such

an approach in favor of a " 'totality' approach [that] recognizes that each situation may be different and requires the fact finder to weigh the myriad of circumstances in fairly assessing whether a driver relinquished control and no longer presented a danger to himself or others." *Id.* Because *Love* involved a bench trial, jury instructions were neither at issue nor discussed.

¶5 At the time *Love* was decided, the relevant Recommended Arizona Jury Instruction[4] (RAJI) was RAJI (Criminal) 28.692(A)(2) (1989), which provided as follows:

### Actual Physical Control—Apparent Ability

"Actual physical control" means that a defendant has the apparent ability to start and move a vehicle.

To be in actual physical control of a motor vehicle, it is not necessary that the motor vehicle be in motion. The defendant may have been in actual physical control by, of [his or her] own choice, sitting behind the wheel and either starting the motor or permitting it to run. Thus, a person may be in actual physical control of a vehicle even though at the time of arrest the vehicle is motionless and the person is asleep or unconscious.

However, a person is not in actual physical control if the person pulls completely off the pavement or out of traffic, turns off the engine, and sleeps in the vehicle until becoming sober. If you find the defendant acted in this manner, then you should find the defendant not guilty.

---

2. The "definitions" section of Title 28 (Transportation), A.R.S. § 28–101(17) provides: " 'Drive' means to operate or be in actual physical control of a motor vehicle." "Actual physical control," thus, suggests something different from "operate" but has not been further defined by the legislature.

3. Other states have equivalent "actual physical control" elements in their DUI laws, although the term has not been defined consistently. *See Kingsley v. State,* 11 P.3d 1001 (Alaska App. 2000); *State v. Tafoya,* 123 N.M. 665, 944 P.2d 894 (App.1997); James O. Pearson, Jr., Annotation, *What Constitutes Driving, Operating, or Be-*

*ing in Control of Motor Vehicle for Purposes of Driving While Intoxicated Statutes or Ordinance,* 93 A.L.R.3d 7, §§ 3(c), 14–17 (1979). Similarly, other jurisdictions have approved a diverse range of "actual physical control" jury instructions. *See Bodner v. State,* 752 A.2d 1169 (Del. Supr.2000); *State v. Robison,* 281 Mont. 64, 931 P.2d 706 (1997); *Commonwealth v. Woodruff,* 447 Pa.Super. 222, 668 A.2d 1158 (1995); Pearson, *supra,* § 3(c).

4. Our supreme court no longer "recommends" jury instructions. *See* Introductory Note to Arizona Revised Jury Instructions (Criminal) (2000).

This instruction is now obsolete in light of *Love*.[5] The instruction the respondent judge proposes to give here essentially adopts the first two sentences of the above-quoted RAJI and, properly, replaces the remainder with the words, "consider all the circumstances," in accordance with *Love*. What troubles us, however, is the retention of the sentence: " 'Actual physical control' means that a person has the apparent ability to start and move a vehicle."

¶ 6 We acknowledge that this proposed language is derived from *Zavala*: "[T]he element of actual physical control is shown where a defendant has 'the apparent ability to start and move the vehicle ....' " 136 Ariz. at 359, 666 P.2d at 459, *quoting Garcia v. Schwendiman*, 645 P.2d 651, 654 (Utah 1983). This court repeated that language in *State v. Larriva*, 178 Ariz. 64, 65, 870 P.2d 1160, 1161 (App.1993). However, neither *Zavala* nor *Larriva* involved any question about jury instructions. In addition, our supreme court has discouraged extracting jury instructions directly from the language of appellate decisions, see *Petefish by and through Clancy v. Dawe*, 137 Ariz. 570, 672 P.2d 914 (1983), which instructions can be "confusing to those not trained in the law." *State v. Martinez*, 175 Ariz. 114, 120, 854 P.2d 147, 153 (App.1993). Moreover, the supreme court in *Love* rejected the bulk of the *Zavala* analysis, rendering questionable the subsequent use of any language from that decision as the basis for an instruction. The fact that our supreme court has in a past opinion related "the apparent ability to start and move the vehicle" to "actual physical control" does not mean the former phrase necessarily belongs in a jury instruction today.

¶ 7 In addition, instructing that " 'actual physical control' means that a person has the apparent ability to start and move a vehicle" may not be particularly helpful to the jury. The amorphous phrase "apparent ability to start and move a vehicle" adds nothing concrete to what is already inherent in "actual physical control." Further, it could be taken as an impermissible comment on the evidence by the trial court. Ariz. Const. art. VI, § 27; *State v. Wolter*, 197 Ariz. 190, ¶ 14,

3 P.3d 1110, ¶ 14 (App.2000) (trial court should not "express[ ] its opinion to the jury as to what the evidence shows, or ... misinform[ ] the jury that a fact has been proven when the fact remains a subject of dispute"). Moreover, we question whether the ability to "start" a vehicle is necessarily dispositive of anything. *See State v. Thomas*, 28 Kan. App.2d 655, 20 P.3d 82 (Kan.App.2001) (defendant "drove" when he pushed, coasted, steered, and parked car that did not run); *Williams v. State*, 884 P.2d 167 (Alaska App. 1994) ("person who steers towed vehicle is driving within meaning of [DUI] statutes," listing similar cases from other jurisdictions).

¶ 8 The legislature did not include "the apparent ability to start and move the vehicle" in the language of the DUI statutes, and it seems anomalous to focus the jury's attention on that specific fact when the proper inquiry "requires the fact finder to weigh the myriad of circumstances" found in each unique fact pattern to "fairly assess[ ] whether a driver ... [had] presented a danger to himself or others." *Love*, 182 Ariz. at 327, 897 P.2d at 629. Among the myriad circumstances here, of course, will be whether the car in which Barraza was found asleep was capable of being set in motion and how and when the vehicle came to be in that position.

¶ 9 Based on the foregoing, we accept jurisdiction and grant relief. In Barraza's retrial, the jury shall not be instructed that " 'actual physical control' means that a person has the apparent ability to start and move a vehicle." In the absence of any more specificity in the statute, we are left with the task of articulating an acceptable "actual physical control" jury instruction consistent with *Love* and the purpose of the statute's "actual physical control" provision, which is to "enable the drunken driver to be apprehended before he strikes." *Webb*, 78 Ariz. at 11, 274 P.2d at 339. The jury should be instructed that Barraza was in "actual physical control" of the vehicle if, based on the totality of the circumstances shown by the evidence, his potential use of the vehicle pre-

---

5. RAJI (*Criminal*) 28.692(A)(2) (1989) has not been supplemented to this date. *See* Arizona

Revised Jury Instructions (Criminal) (2000).

sented a real danger to himself or others.[6] *See Love,* 182 Ariz. at 327, 897 P.2d at 629. The instruction should not single out any specific fact or group of facts, although presumably the parties will emphasize in argument the facts that support their respective theories of the case.

■ ¶ 10 Although we grant the state special action relief, we clarify that we do not fully embrace the state's argument that " 'actual physical control' encompasses instances ... in which, while the vehicle is currently inoperable, it was operable at the time that the intoxicated driver exerted control over it to get it to the location where it was discovered inoperable." ' The state supports this claim by quoting the following language from *Love:* "[E]ven where a defendant is determined to have relinquished actual physical control, if it can be shown that such person drove while intoxicated to reach the place where he or she was found, the evidence will support a judgment of guilt." 182 Ariz. at 327–28, 897 P.2d at 629–30. Although the state's quote is accurate, its argument is not. This discussion in *Love* pertains not to "actual physical control" but to the alternative possibility of proving by circumstantial evidence that the defendant actually drove the vehicle while intoxicated. *See id.; see also State ex rel. O'Neill v. Brown,* 182 Ariz. 525, 527, 898 P.2d 474, 476 (1995) (clarifying and refuting a possible suggestion to the contrary from *Zavala* ).[7] Evidence that Barraza drove the vehicle to the spot at which he was found relates to whether he was guilty of *driving* under the influence before he was found and is another of the myriad circumstances the state may present to the jury in an effort to prove he was in actual physical

control of the car when he was found, although it would not necessarily be dispositive of his guilt based on the latter theory of culpability.

¶ 11 We accept jurisdiction, grant relief, and remand for further proceedings consistent with this decision.

CONCURRING: M. JAN FLÓREZ and JOHN PELANDER, JJ.

---

6. At oral argument before this court, Barraza objected to a jury instruction that would incorporate the purpose behind the "actual physical control" provision—prevention of potential danger to society—arguing it could be unfairly prejudicial in that a jury might convict if it found any abstract or hypothetical danger to the public. We have addressed this concern by limiting the definition to a real danger. *See Atkinson v. State,* 331 Md. 199, 627 A.2d 1019, 1027 (1993) (finding that inclusion of "actual" in "actual physical control" demonstrated legislative intent to restrict meaning to "current or imminent restraining or directing influence over a vehicle").

7. We acknowledge that this court similarly mixed the two concepts in *State v. Larriva,* 178 Ariz. 64, 870 P.2d 1160 (App.1993), in which we held that evidence permitting an inference that the defendant had driven his car into a position from which it could not be removed without a tow truck did not preclude a finding of actual physical control. In light of our supreme court's subsequent elaboration in *Love* and *O'Neill,* we now clarify that the facts on which we based our decision in *Larriva* would support a conviction on a theory of driving as shown by circumstantial evidence, as suggested by the special concurrence in that case, not on a theory of actual physical control.